CASE 33—PETITION EQUITY—OCTOBER 27.

# Kenton Insurance Company v. City of Covington.

APPEAL FROM KENTON CIRCUIT COURT.

1. TAXATION.—A tax-payer, in listing his property for taxation under the equalization law, can not deduct *contingent* liabilities, and in this regard the same rule applies to insurance companies that applies to other tax-payers. Therefore, an insurance company, in listing its property for taxation, can not deduct from its assets its contingent

Kenton Insurance Company v. City of Covington.

liability to policy-holders for losses, or by reason of their right to reclaim premiums paid in the event of a cancellation of the insurance contract.

In this case an insurance company is held liable to taxation upon its reserved fund, or "unearned premiums," although as much as this fund amounts to may be required to pay losses for the year.

2. SAME.—The mere fact that a corporation is required to pay into the State Treasury, as taxes, a certain sum upon each share of its capital stock by or on a named day, does not manifest an intention upon the part of the Legislature to exempt it from municipal taxation.

3. DISTRAINT FOR TAXES.—Under the charter of the city of Covington, the city loses its right to distrain for taxes unless the tax bills are placed in the hands of the collector once in each year.

JOHN F. AND CHARLES H. FISK FOR APPELLANT.

1. Injunction is the proper remedy to restrain the collection of an illegal, erroneous, or void tax. (Dudley v. Trustees of Frankfort, 12 B. M., 615; Dawes v. City of Chicago, 11 Wallace, 111; L. & N. R. R. Co. v. Warren Co., 5 Bush, 247; E. & P. R. R. Co. v. Trustees of Elizabethtown, 12 Bush, 239; Gates v. Barrett, 79 Ky., 296; Dumesnil v. DuPont, 18 B. M., 804.)

2. The Kenton Ins. Co. being a corporation for loan and discount can be taxed only fifty cents upon the one hundred dollars of capital stock, as other similar institutions. (Johnson v. Commonwealth, 7 Dana, 342; Farmers' B. Ky. v. Commonwealth, 6 Bush, 127; Applegate v. Ernst, 5 Bush, 650; E. & P. R. R. Co. v. Trustees of Elizabethtown, 12 Bush, 238; City of Louisville v. Shirley, 80 Ky., 71; Trustees of Eminence v. Deposit Bank, 12 Bush, 539.)

W. K. BENTON FOR APPELLEE.

1. Overvaluation of property for taxation, in the absence of fraud, is not a ground for injunction. (State R. R. Tax Cases, 92 U. S., 614; Gillet v. City of Denver, 7 Am. & Eng. Corp. Cases, 234.)

2. An act prescribing what taxes an insurance company shall pay to the State is not an exemption from municipal taxation. (Johnson v. Commonwealth, 7 Dana, 342; Farmers' Bank v. Commonwealth, 6 Bush, 127.)

3. "Reinsurance reserve" or "unearned premiums," are assets and subject to taxation. (Insurance Co. v. Cappellar, 38 Ohio St., 560.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted in the court below to enjoin the collection of what was claimed to be delin-

quent taxes, assessed against the insurance company for the years 1879, 1880, 1881, 1882 and 1883.

The injunction was sustained as to the collection for the entire period, except as to the year 1883, the chancellor below holding that the remedy by distress as to those years had been lost by the failure of the council to place the delinquent bills or tax bills in the hands of the collector at least once in each year, as required by the provisions of the charter of the city.

The failure to do this lost to the city the particular remedy, as was held in the case of Covington Gas-light Co. v. City of Covington, &c., 84 Ky., 94.

The taxes for the year 1883 are alone involved in this appeal.

The insurance company asserts an exemption from taxation on its reserved fund, or what is termed unearned premiums, on two grounds.

The first is, that being required to pay into the Treasury the sum of fifty cents upon each one hundred dollars of its capital stock by or on a named day, it was the legislative intent to exempt it from any other burden in the way of taxation, State or municipal, and the cases of Johnson v. The Commonwealth, 7 Dana, 338, and Farmers' Bank v. Commonwealth, 6 Bush, 127, are relied on as settling this question. An examination of those cases will show that in considering the charters of the two banks, it was held that the Legislature had manifested an intention to exempt the banks from any additional taxation in providing that the tax imposed " *shall* be in lieu or in full of *all other taxes.*" There is nothing in the charter of the appellant expressly exempting its property from municipal

taxation, nor can a reasonable implication arise from any provision of its charter that such was the legislative will. On the contrary, the company has been listing its property for taxation from year to year with the assessor of the city, and paying taxes thereon for municipal purposes, placing upon the language of its charter the only reasonable construction that can well be applied to it.

It is insisted, however, by the city, that the reinsurance reserve, or what has been termed *unearned premiums*, is liable to taxation, and as the company has failed to list this money under the equalization law, or has deducted the amount from its assets, it is not bearing its share of the municipal burden.

The General Statutes regulating the assessment of property provides, that after the assessment of the specific property described, each person shall fix the amount he is worth from all other sources, after deducting his indebtedness. Section 6 provides :

" The indebtedness which may be deducted as aforesaid, must be just and honest debts owing as principal, and not as surety, and created for a valuable considertion which the person intends to pay," etc.

The fifteenth section of an act approved March 12, 1870, entitled "An act for the incorporation of and regulation of fire, marine, health, accident, etc., insurance companies, except life insurance companies," provides as follows :

" It shall not be lawful for the directors, trustees, or managers of any insurance company to make any dividend except from the surplus profits arising from their business ; and in estimating such profits there shall be

reserved therefrom a sum equal to the amount received for premiums on unexpired risks and policies, which are hereby declared to be unearned premiums ; and also there shall be reserved all sums due the corporation on bonds and mortgages, bonds and book accounts, or other securities, of which no part of the principal or interest thereon has been paid during the last year, and for which foreclosure or suit has not been commenced for collection, or which, after judgment obtained thereon, shall have remained more than two years unsatisfied, and on which interest shall not have been paid ; and also there shall be reserved all interest due or accrued and remaining unpaid. Any dividend made contrary to these provisions shall subject the company making the same to a forfeiture of its charter," etc.

We find no provision of the general law with reference to taxation that exempts this or like corporations from the payment of municipal taxes, and no provision of appellant's charter from which it may be inferred that such an exemption exists ; and if no such burden can be imposed, it must arise from the obligation of the company to pay losses sustained out of this reserved fund, denominated unearned premiums, or its contingent liability to policy-holders to refund to them a portion of the premiums paid when presenting their policies for cancellation.

If the right on the part of policy-holders to demand pay for losses, or to reclaim premiums paid upon a cancelment of the insurance contract, can be regarded as an indebtedness on the part of the company, then such indebtedness may be deducted from the assets of the

corporation when listing its property for taxation. These outstanding risks pertain to all insurance companies, and if deducted from the value of assets, would result in exempting their property from any taxation whatever.

The act of March 12, 1870, with reference to the payment of dividends, requiring that no dividends shall be made of this reserved fund, does not divest this corporation of its right of property in it, or to use and invest it for the benefit of the stockholders.

The policy-holder is not required to pay taxes on the amount of his policy, because he is entitled to no part of the money until he has sustained a loss. The premiums paid on unexpired policies belong exclusively to the corporation, and a reserved fund of near seventy thousand dollars, that is used, controlled and managed by the corporation for the beneficiaries called stockholders, by loaning it out at interest or investing it in securities from which profits are constantly derived, is asked to be released from municipal burdens for no other reason than by the general law enacted for the protection of the company and the policy-holders, no dividends are to be paid out of this reserved fund. Mortgages and bonds due the corporation, and upon which no part of the principal or interest has been paid during the last year, constitute a part of this reserved fund, yet they are the property of the corporation, and the principal and interest as it accrues held for the benefit of the stockholders ; and if an exemption exists in the one case, a like reason should exempt the entire reserved fund from taxation.

It is argued for the company that at least fifty per

cent. of the premiums paid into any insurance company for any year will be paid out for losses occurring during that year, and that at least as much as this fund amounts to is used to pay losses for any year. What, then, is to be realized from the business of the corporation upon such a theory is left so uncertain as to afford no guide to the mode of assessment of the property of such corporations for taxation; and if the probable loss of such companies is to govern, then, if the premiums paid for any one year are insufficient to pay losses, no burden should be imposed, and the amount of taxes to be demanded is to be regulated by the profits resulting from the enterprise. We perceive no difference between. the business of insurance and any other business in which capital may be invested with a view to profit. It is reasonably certain in all business enterprises that losses will be sustained, and to hold that deductions are to be made from the assets in anticipation of loss would be to relieve all business enterprises from taxation, and substitute for the present system a mode of assessment entirely impracticable. The company may be required to cancel some of its policies; but this is a risk it assumes when engaging in its business. The merchant may reasonably expect to lose a certain per cent. of the sales of goods made to his customers, but this affords no reason for anticipating the loss and deducting it from the value of his personalty before any loss is sustained. These contingent liabilities are not debts, and cannot enter into the estimates of value when making an assessment.

In the case of the People v. Ferguson, 38 N. Y., 91, where such contingencies were held to lessen the value

of the assets of an insurance company, the opinion was based on a statute taxing the capital stock and surplus profit of the insurance company, and the distinction was drawn between that statute and the general law assessing individuals on their personalty. The general law permitted (as is the law in this case) the just debts owing by the owner of property to be deducted, and it was held in that case that if the same facts had been presented with reference to the estate of the individual owner, he would not be entitled to the deduction claimed. In this State why should the property of the corporation be taxed otherwise than as required by the general law? We find no statute prescribing a different mode when taxing for municipal purposes, and besides, we are at a loss to perceive why the individual owner should pay the tax under such circumstances and the corporation exempted from the burden. While the actual marketable value of an estate is lessened if incumbered by contingent liabilities, the statute provides in effect that no deduction for such reasons shall be made. If one is worth fifty thousand dollars, and liable as surety for twenty-five thousand dollars, and the principal is insolvent, his estate is lessened in value, but still he is required to pay tax on the fifty thousand dollars. These unearned premiums are retained under the law by the corporation to provide against contingent losses. It is a fund set apart for that purpose, and in the usual course of business in like corporations, such a reserve fund would usually be retained even if no statute existed requiring it.

In the case of The State v. Insurance Co., 35 N. J. Law, 575, it is said that this idea of the difference

between earned and unearned premiums as affecting the question of present property is too uncertain to form a basis for taxation ; and it was further held in that case that such distinctions between earned and unearned premiums might affect the strength of the company when declaring dividends ; but it cannot be said that unearned premiums are so charged that they can not be said to be the property of the company for the purposes of taxation. The right of property in the company exists although a part of the premium may be reclaimed.

In the case of the Insurance Company v. Cappellar, 38 Ohio State, 560, the insurance company, in listing its property, included as an item of indebtedness what was called *reinsurance*. The amount was a sum equal to fifty per cent. of all premiums received on policies *unexpired* at the time for listing property for taxation. The sum in the aggregate retained was composed, as was alleged, of *unearned premiums*. The statute of that State provided that "no insurance company, organized under any law of this State, shall make any dividend except from the surplus profits arising from its business, and in estimating its profits there shall be reserved therefrom a sum equal to fifty per cent. of the whole amount of premiums on unexpired risks and policies, *which is hereby declared to be unearned premiums*.

In discussing the questions raised in that case the court held that *bona fide debts* owing, etc., mean nothing more than a fixed liability to pay a sum certain, due or to become due at all events, and not a loss that has not happened or may never happen.

. Insurance is obtained to provide against loss, and while the insured may have the right to have the policy canceled, the right to do so has no fixed value, nor can this right be taxed.

This company, in the year 1883, listed with the assessor its taxable assets amounting to eighty thousand two hundred and ninety-three dollars and sixty-four cents, and its liabilities at eighty-three thousand two hundred and forty dollars, and, therefore, for the purposes of taxation, the company was insolvent. It held United States bonds and other evidences of debt exempt from taxation amounting to over one hundred and twenty-five thousand dollars, and while amply able to meet all its engagements, crediting its taxable property or the value by the contingent] liabilities resulting, or that might result, from a cancellation of the policies, and we find the company in no condition to share its part of the local burden. It is plain that the policy-holders have parted with these premiums, and that the company is in the possession of the money under their contracts of insurance. The money or its equivalent is certainly not taxable as against the policy-holder, and if not taxable in the hands of the company, it escapes the burden.

The company is the absolute owner, and should be compelled to pay the tax. It may have to pay this entire fund in discharge of its contracts, or the whole of its capital stock; but this affords no reason for the exemption, for if such a rule is adopted as the basis of taxation in the one case, because experience has demonstrated that a certain amount of loss will be annually sustained, then the same rule must apply

as to all business enterprises, and the assessing officer is left to speculate on the chance of loss, or the probability of loss left wholly to the judgment of those conducting the business.

When the policy is canceled or the loss sustained, the amount paid or refunded can be deducted, and not before. The peculiar character of an insurance company and its mode of doing business can not make it an exception when looking to the law regulating the mode of assessment that must apply to the present case, if taxable at all; and we find nothing in the statute implying even that this fund called unearned premiums is exempt from taxation.

Judgment affirmed on original and cross-appeal.