CASE 21—ACTION TO RECOVER LICENSE FEE PAID—MARCH 16.

106  207
117  602
118  640

# Fidelity & Casualty Company v. City of Louisville, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

CONSTITUTIONAL LAW—MUNICIPAL ORDINANCE IMPOSING LICENSE FEE.
—Under sections 174 and 181 of the Constitution, section 3011 of the Kentucky Statutes, conferring authority upon cities of the first class to require casualty and indemnity companies to pay into the sinking fund not less than two dollars nor more than three dollars on every one hundred dollars of premiums received on business during the previous year, is a valid exer-

Fidelity and Casualty Company v. City of Louisville, &c.

cise of power; and an ordinance enacted pursuant to such section of the statutes is valid.

PHELPS & THUM AND LANE & BURNETT FOR APPELLANT.

(Brief withdrawn.)

H. L. STONE FOR THE APPELLEES.

1. There is no discrimination in the ordinance between foreign and domestic corporations.

2. The ordinance of the city is in strict conformity to the authority given to the appellee by the Legislature, whether the same be strictly a license tax or income tax it is authorized under sections 171 and 184 of the Constitution and the authority granted by the General Assembly to the appellee—the city of Louisville. Levi v. City of Louisville, 97 Ky., 412.

3. The license or income tax imposed by the ordinance was voluntarily paid and without any compulsion on the part of appellees or either of them. If the ordinance had been invalid, the opportunity to test same was given by section 2922 of the Kentucky Statutes, and the appellant not having availed itself of this opportunity is now precluded from recovering the amount paid. Com v. L. & N. R. R. Co., 89 Ky., 539.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

By section 2 of an ordinance of the general council of the city of Louisville, approved January 29, 1894, titled, "An ordinance concerning licenses on certain business in the city of Louisville," it is provided: "Every life, fire, accident, casualty and indemnity insurance company, title company, title insurance company or abstract company doing business in the city shall, on or before the first day of February of each year, pay to the sinking fund the sum of two dollars on every one hundred dollars of premium received on business done in the city of Louisville the previous year."

By section 6 of the same ordinance it is provided: "All licenses shall be paid in advance, and in every case when it is based upon a percentage of the earnings or income

of the person, firm or corporation, the computation shall be made upon the earnings or income of said person, firm or corporation for the year immediately preceding the time the license is to be dated and is payable; or the person, firm or corporation to whom the license shall be granted shall at the end of the year pay the amount due for the excess over the estimate made at the time of the issuing of the license, under the same penalty as if the party had failed or refused to procure a license. Any person, firm or corporation violating any of the provisions of this ordinance shall be fined not less than five dollars nor more than one hundred dollars for each offense. Each day that the violation is continued shall constitute a separate offense."

Under this ordinance the appellants were required to pay, in August, 1894, to the appellee, $498.35 for license, being the amount due under the ordinance on business from February 1, 1893, to February 1, 1894, and the further sum of $607.48 in January, 1895, for license, being the amount due under the ordinance for business during the year 1894. To recover these two sums paid, this action was brought. It is alleged that the ordinance is void because of a want of power in the general council to pass such an ordinance, and because it is unjust and unequal taxation; that the property of appellant situate in the city of Louisville does not exceed $1,000, and that it should not be compelled to pay taxes to appellee exceeding the rate on that amount of property.

To this petition and amendment a demurrer was sustained, and, declining to plead further, the petition was dismissed, and from that judgment this appeal is prosecuted.

Section 225 of the act for the government of cities of the first class, being section 3011 of the Kentucky Stat-

[14]

utes, provides: "The general council may, by ordi-
nance, provide for the following licenses, to be paid into
the sinking fund, with adequate penalties for doing busi-
ness, for following the calling, occupation, profession, or
using, or holding, or exhibiting the articles herein named
without the required license: . . . Every life, fire or
accident, casualty and indemnity insurance company, title
company, title insurance company, or abstract company,
doing business in this city, shall, on or before the first
day of February of each year, pay to the sinking fund
not less than two nor more than three dollars on every
hundred dollars of premiums received on business done in
the city during the previous year. . . ."

Thus, it appears that the ordinance of the general coun-
cil was passed under the direct authority of the provision
of the charter, *supra*. However, counsel for appellant
contends that the charter provision is unconstitutional,
as against section 174, and was not permitted to be exer-
cised by section 181.

Section 174 of the Constitution provides: "All prop-
erty, whether owned by natural persons or corporations,
shall be taxed in proportion to its value, unless exempted
by the Constitution; and all corporate property shall
pay the same rate of taxation paid by individual property.
Nothing in this Constitution shall be construed to pre-
vent the General Assembly from providing for taxation
based on income, licenses or franchise."

Section 181 provides: ". . . And may, by general
laws, delegate the power to counties, towns, cities and
other municipal corporations, to impose and collect li-
cense fees on stock used for breeding purposes, on fran-
chises, trades, occupations and professions."

We are of opinion that the ordinance imposing this tax

and the charter permitting the ordinance are constitutional and valid. They are not in conflict with, but in conformity to, the powers given by sections 174 and 181 of the Constitution.

In the case of Southern B. & L. Association v. Norman, 98 Ky., 294, [56 Am. St. Rep., 367; 32 S. W., 952], a case very similar to the one at bar, this court, per Mr. Justice Hazelrigg, held constitutional section 4228, Kentucky Statutes, imposing a license or franchise tax on foreign building and loan associations of $2.00 on each $100.00 of its gross receipts in this State; the court saying: "The associations of the kind described generally have no tangible property within the State, and we do not regard the purpose of the statute to be to force an artificial *situs* on the obligations due the association from its members for stock, dues, etc. . . . The business, nevertheless, is a valuable one, and it is for the privilege of doing this business that the tax is imposed. It is not a tax on the corporate franchise, for the conclusive reason that the State does not grant this; but it is a tax on the franchise of doing business in this State, and in this sense a franchise tax. It is true, the amount of the gross receipts of the company is taken as the measurement of the tax, but this is only the adoption of a fair and just standard. Such taxes may be measured by the dividends, by the amount of the capital stock, by the extent of the business transacted, by the net earnings, by the gross receipts," etc.

It is thus clear that the tax here levied is a tax on the right to do business in the city of Louisville, and is a franchise tax to that extent—a license tax. This taxation the Constitution, charter and ordinance provide may be collected. The demurrer to the petition was properly

sustained. There were other questions argued, but our conclusions render it unnecessary to discuss them.

Judgment affirmed.