CASE 69—ACTION BY CITY OF LOUISVILLE AGAINST GERMAN WASHING-
TON MUTUAL FIRE INS. CO. FOR CITY TAXES.—FEB. 10.

# German Washington Mutual Fire Insurance Co. v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

TAXATION—CO-OPERATIVE INSURANCE COMPANIES—DOUBLE TAXATION
—LICENSES—MUNICIPAL CORPORATIONS—POWERS—PAYMENT OF
LICENSE TAX—CREDITOR.

Held:   1. Where a co-operative insurance company was organized
without stock, as authorized by Kentucky Statutes, 1903, c.
32, subd. 5, and its personal property consisted of money con-
tributed by its members for the payment of losses, the fact that
the members paid taxes on the property insured did not ex-
empt the company from taxation on its personalty on the
ground of double taxation.

2. Under Kentucky Statutes, 1903, section 3011, authorizing the
general council of cities of the first class to provide for licenses
to be paid by insurance companies doing business within the
city, the city of Louisville was authorized to pass an ordi-
nance imposing a license tax payable to the city sinking fund,
on insurance companies doing business within the city, in ad-
dition to the ad valorem tax otherwise levied thereon.

3. Where a city ordinance levied a license tax on insurance com-
panies doing business within the city, and provided that such
tax should be in addition to the ad valorem tax otherwise as-
sessed against the companies, an insurance company paying
such license tax was not entitled to credit therefor on the ad
valorem tax levied against it.

4. The Legislature may properly classify taxpayers in devising
an equal system of taxation, and may properly authorize mu-
nicipal corporations to provide different systems of taxation for
different kinds of corporations.

GEO. L. EVERBACH AND ISAAC T. WOODSON, ATTORNEYS FOR
APPELLANT.

### PROPOSITIONS OF LAW AND AUTHORITIES.

1. The situs of the mortgage ownership not being shown by
either allegations of proof, there is no proper basis laid for any
ad valorem taxation of appellant's mortgages, for city purposes.
Board of Councilmen of Frankfort v. Frankfort Safety Vault
and Trust Co., 25 Ky. Law Rep., 46; Board of Councilmen, &c.
v. Fidelity Trust & Safety Vault Co., 23 Ky. Law Rep., 908;
City of Louisville v. Sherley, 88 Ky., 71; City of Lexington v.
Fishback's Trustee, 22 Ky. Law Rep., 1392, secs. 3174-3179,
4032-4035, Kentucky Statutes.

2. Taxation of the assets of a co-operative fire insurance as-
sociation is double taxation when such an association is not
organized for profit, has no capital stock, and is not a corpora-
tion provided for in the statutes authorizing taxation of mer-
cantile corporations. Aetna Life Ins. Co. v. Coulter, Auditor,
&c., filed June 5, 1903; Levi v. City of Louisville, 97 Ky., 401;
German Washington Mutual Fire Association v. Commonwealth,
9 Bush, 394, secs. 4085, 4088, Kentucky Statutes; Franklin
Ins. Co. v. Louisville, 20 Ky. Law Rep., 489.

3. To tax a corporation, without exempting the individual
members from taxation of their property rights in the corporation,
is to establish a rule varying from the statutes governing cor-
porations of the class which issues capital stock; and this
would amount to a systematic discrimination against tax-pay-
ers insured in the co-operative associations, which would render
the taxation unconstitutional and void. Judson on Taxation,
secs. 467-470; Taylor v. L. & N. R. R. Co., 31 C. C. A., 537;
Chicago Union Traction Co. v. State Board of Equalization, 114
Fed Rep., 557; Judson on Taxation, sec. 478; Mercantile Na-
tional Bank v. N. Y., 28 Fed. Rep., 776; Boyer v. Boyer, 113
U. S., 689; Santa Clara v. Sou. Pac. R. R. Co., 18 Fed. Rep.,
385-436; San Mateo case, 8 Sawyer, 302, 13 Fed Rep., 147
to 722; State v. Hannibal, &c. R. R. Co., 75 Mo., 212; Knowlton
v. Supervisor, 9 Wis., 410; Hale v. Kenosha, 29 Wis., 599;
Cooley's Con. Lim., p. 2, and cases cited; 2 Dillon on Mun.
Corp., paragraph 36; State v. Hannibal & St. Jos. R. R. Co., 75
Mo., 210-11; Missouri State Constitution, cited in Life Asso-
ciation v. Board of Assessors, 49 Mo., 512; Wisconsin State
Constitution, cited in Knowlton v. Supervisor, &c., 9 Wis., 410-
424; Broadway Baptist Church v. McAtee, 8 Bush, 513; Barret
v. Henderson, 4 Bush, 259; Judge of Campbell County Court
v. Taylor, 8 Bush, 207; Fecheimer Bros. & Co. v. City of Louis-

ville, 84 Ky., 306; Daniel v. Trustees of Richmond, 78 Ky., 542; State v. Furbush, 72 Me., 493; State v. North and Scott, 27 Mo., 464; Walling v. Michigan, 116 U. S., 446; City of Lexington v. McQuillan's Heirs, 9 Dana, 513-516; Aetna Life Ins. Co. v. Coulter, Auditor, &c., filed June 5, 1903; Levi v. City of Louisville, 97 Ky., 401; German Washington Mutual Fire Association v. Commonwealth, 9 Bush, 394, secs. 4085, 4088, Kentucky Statutes, Present Constitution, 171, 174, 181, Constitution U. S., Fourteenth Amendment.

4. License fees exacted from appellant for the purpose of reducing ad valorem levies for sinking fund purposes of the city of Louisville, assessed upon each one hundred dollars of premiums received by appellant during the year previous to that in which the license fee is collected, are taxes levied ad valorem, or, at least, in lieu of ad valorem taxes. Judson on Taxation, p. 224, paragraphs 206, 467, 470; Levi v. City of Louisville, 97 Ky., 406.

5. An assessment of a license tax of two and 50-100 dollars upon each one hundred dollars of premiums, received by appellant during the year previous to such assessment, (when appellant is a co-operative fire association, not organized for profit, but merely for the mutual protection of the persons insured, and not issuing capital stock, and having no estate except the premiums paid for insurance), is not a mere measure of a tax, but is a tax upon the corpus of appellant's property; and is in effect an ad valorem tax, a tax upon the value of appellant's estate; and should be construed as a levy of taxes in lieu of ad valorem taxes, if not, of itself, an ad valorem tax. Judson on Taxation, paragraph 206, secs. 159, 171, 174 of State Constitution.

6. By the terms of an ordinance pleaded by appellant, license fees paid in lieu of ad valorem taxes must be credited on any judgment rendered in behalf of appellee for ad valorem taxes herein.　Page 31, Transcript; Fourth Compilation of the Ordinances of the City of Louisville, p. 348, approved August 6, 1895; Levi v. City of Louisville, 97 Ky., 394.

7. The system of license taxation, under which said license fees was exacted, is oppressive, unjust, and unconstitutional; because it systematically and for years has discriminated against appellant, and others, by requiring license fees of them, while totally exempting many other persons, associations, corporations, and classes doing business in the city of Louisville; and it results that, thereby, the burden of reducing the ad valorem taxes for sinking fund purposes has been cast upon appellant and some others; and this amounts to an oppressive discrimination, in violation of the State Constitution, and in violation

of the Fourteenth Amendment to the Constitution of the United States. License laws for municipalities must be governed by the same rules and principles governing uniform and equal taxation for State purposes, and the constitutional provisions against unequal taxation apply to municipalities, not only as to ad valorem taxes, but as to license taxes. The municipality is a part of the State government, and can not be allowed to assess taxes unequally, so as to discriminate in favor of one class against another, systematically, for a term of years, either as to ad valorem taxes, or license fees. Levi v. City of Louisville, 97 Ky., 406; State v. Hannibal, &c., R. R. Co., 75 Mo., 212; Knowlton v. Supervisor, 9 Wis., 410; Hale v. Kenosha, 29 Wis., 599; Life Association v. Board of Assessors, 49 Mo., 512; Broadway Baptist Church v. McAtee, 8 Bush, 513; Barret v. Henderson, 4 Bush, 259; Judge of Campbell County Court v. Taylor, 8 Bush, 207; Fecheimer Bros. & Co. v. City of Louisville, 84 Ky., 306; Daniel v. Trustees of Richmond, 78 Ky., 542; City of Lexington v. McQuinlan's Heirs, 9 Dana, 513; San Mateo Case, 8 Sawyer, 302, 13 Fed. Rep., 147, 722; County of Santa Clara v. Sou. Pac. R. R. Co., 18 Fed. R., 402; Boyer v. Boyer, 113 U. S., 689; Judson on Ttaxation, paragraph 478; Mercantile National Bank v. City of New York, 28 Fed. Rep., 776; Taylor v. L. & N. R. R. Co., 31 C. C. A., 537; Hersey v. Supervisor, 16 Wis., 185; Fourteenth Amendment to U. S. Constitution.

8. Defensive pleadings which specifically set out the above grievances constitute a good defense against both the ad valorem taxes sued on and the license fees paid; and the demurrers of appellee, to the answers of appellant, should reach back to the petition and be sustained to the petition, or should be overruled. Wile v. Sweeney, 2 Duvall, 161; Young v. Duhme, 4 Metcalf, 239; Martin v. McDonald, 14 B. M., 544, 1 Met., 237, 79 Ky., 487.

9. In the interpretation of all statutes, a cardinal rule is that their provisions are never extended by implication beyond the fair meaning of the term used; and in every case of doubt they are construed more strongly against the government and in favor of the taxpayer; because burdens are not to be imposed unless the intention of the Legislature to impose them is distinctly shown. Aetna Ins. Co. v. Coulter, Auditor, filed June 5, 1903.

10. The framers of the Constitution, in prohibiting the Legislature from imposing taxes on, or for, municipalities, did not intend to leave the entire mode of assessment to the discretion of the general council, or to give to such bodies the exercise of

any power of taxation expressly denied to the representatives of the people. "The object of such a provision as placed the city government beyond legislative control, as to imposing taxation was to prohibit the latter bodies from determining the amount to be imposed and the objects to which it should be applied." Levi v. City of Louisville, 97 Ky., 406; Howell, &c. v. Bristol, &c., 8 Bush, 493.

11. It is a fundamental maxim in taxation that the same property shall not be subject to a double tax, payable by the same party, either directly or indirectly; and, when it is once decided that any kind or class is liable under one provision of the statutes, it has been held to follow, as a legal conclusion, that the Legislature could not have intended the same property should be subject to another tax, though there may be general words in the law which seem to imply that it may be taxed a second time. Cooley on Taxation, 165, 166, and authorities cited; Present Constitution of Kentucky, secs. 171, 174.

12. Although double taxation and discrimination may have been permissible under the former Constitution of the State, all such inequalities are forbidden by the present Constitution; and any systematic injustice of this class renders taxation void, whether it be of one class or another. "Taxes shall be levied and collected for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax." (Section 171, present Constitution of Kentucky.) Uniformity in the manner of assessment and approximate equality in the amount of exactions are essential to the constitutionality of local taxation, and this was the law under the former Constitution. Howell, &c. v. Bristol, &c., 8 Bush, 493.

13. Tax bills made out in the wrong name raise no presumption of regularity. This presumption exists only when the tax bill is made out correctly against the taxpayer. Secs. 2985-2996, Kentucky Statutes.

14. Tax bills made under assessments in the wrong name bear no interest. Interest is only to be added "beginning with the first of May after the correction, or retrospective assessment, is certified to the receiver." Sec. 2991, Kentucky Statutes.

HENRY L. STONE, CITY ATTORNEY, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. Appellee's judgment is sustained by the city assessor's testimony and authentication of the tax bills sued on. Sec. 2996, Kentucky Statutes; City of Louisville v. Johnson, 95 Ky.,

254; Reed v. City of Louisville, 61 S. W., 11; Sherley v. Same, 53 S. W., 530; Fonda v. Same, 49 S. W., 785; Shuck v. City of Lebanon, 53 S. W., 655.

2. The city assessor has power to retrospectively assess personal property. Secs. 2980, 2985, 2988, 2995, Kentucky Statutes; Stone, Auditor v. City of Louisville, 22 R., 423; Levi v. City of Louisville, 97 Ky., 394; Fourth Compilation of the Ordinances of the City of Louisville, pp. 347-348, 407-410; Cooley on Taxation, pp. 281-2-3-4, 289-91, 155; Anderson v. City of Mayfield, 93 Ky., 230.

3. Double taxation does not result from the taxation of appellant's property. Louisville German Mutual Fire Insurance Association v. Commonwealth, and German Washington Mutual Fire Association v. Same, 9 Bush, 394.

4. The license taxes paid by appellant under the ordinance of April 1, 1896, can not be treated as either full or partial payments of the ad valorem tax bills against appellant. Sec. 3011, Kentucky Statutes; Levi v. City of Louisville, 97 Ky., 394; Fidelity & Casualty Co. v. City of Louisville, 20 R., 1785, 106 Ky., 207; Southern Building & Loan Association v. Norman, 98 Ky., 294.

5. Appellant is not entitled to a set-off or counter-claim for the amount of license taxes paid against the ad valorem taxes sued on. Secs. 2980, 3058, Kentucky Statutes; Fourth Compilation of City Ordinances, pp. 348-49, 360-363; Livingston v. City of Paducah, 80 Ky., 656; Fidelity & Casualty Company v. City of Louisville, 20 R., 1785, 106 Ky., 207, sec. 181 of Constitution; Wilson v. City of Lexington, 50 S. W., 834, 49 S. W., 806, 20 R., 1593, Ib., 1980; City of Somerset v. Somerset Banking Co., 22 R., 1129, 60 S. W., 5; Himmelman v. Spanagel, 39 Cal., 393; Cooley on Taxation, 3d ed., 9; Cooley on Constitutional Limitations, 6th ed., 587; McCulloch v. Maryland, 4 Wheat., 316, 418; Kirtland v. Hotchkiss, 100 U. S., 491; Youngblood v. Sexton, 32 Mich., 406.

6. The appellant has not been doubly taxed. City of Covington v. Woods, 98 Ky., 344, sec. 181 of Constitution; McDonald v. City of Louisville, 24 R., 271; Fidelity & Casualty Co. v. Coulter, Auditor, 25 R., 200; Fidelity & Casualty Co. v. City of Louisville, 106 Ky., 207; Fidelity & Casualty Co. v. Coulter, 25 R., 200; Elliott v. City of Louisville, 19 R., 414, 101 Ky., 262; Bowser v. Thompson, 103 Ky., 331; Commonwealth v. Pearl Laundry Co., 105 Ky., 259; German National Insurance Co. v. City of Louisville, 21 R., 1179, sec. 2998, Kentucky Statutes; Fonda v. City of Louisville, 20 R., 1652; Reed v. Same, 22 R., 1636; Louisville Bridge Co. v. Same, 23 R., 1655.

German Washington Mut. Fire Ins. Co. v. City of Louisville.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The appellant is an assessment or co-operative fire in-
surance company, organized under subdivision 5, c. 32, Ky.
St., having its chief office and principal place of business
in Louisville, Ky. The corporation having refused to list
its personal property for taxation as by law required, the
city of Louisville arbitrarily assessed it with the sum of
$50,000 for the years 1899, 1900, 1901, and 1902. Appel-
lant having refused to pay the tax so assessed, this action
was instituted for the purpose of enforcing payment.

No claim is made by appellant that it did not own the
personalty with which it was assessed. It claims, however,
that, being a co-operative insurance company, without stock,
inasmuch as its various members pay taxes upon the prop-
erty insured; therefore to tax the personalty of the corpora-
tion would be double taxation. It is difficult to understand
the reasoning upon which this claim is predicated. Section
171 of the Constitution provides that "taxes shall be uni-
form upon all property subject to taxation within the ter-
ritorial limits of the authority levying the tax." Section
172: "All property not exempt from taxation by this Con-
stitution shall be assessed for taxation at its fair cash value,
estimated at the price it would bring at a fair voluntary
sale. . . ." And section 174: "All property, whether
owned by natural persons, or by corporations, shall be taxed
in proportion to its value, unless exempt by this Constitu-
tion, and all corporation property shall pay the same rate
of taxation paid by individual property. Nothing in this
Constitution shall be construed to prevent the General As-
sembly from providing for taxation based on income licenses
or franchises." Section 181 provides that the Legislature
"may, by general laws, delegate the power to county, town,

city and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions." It will thus be seen that the Constitution provides a general system for the taxation of all real and personal property by an *ad valorem* tax, and also delegates power to the Legislature to authorize the various municipalities to collect franchise and occupation taxes. Because the members pay an *ad valorem* tax upon the property insured, it does not follow that the imposition of an *ad valorem* tax on the personalty of the corporation is double taxation. If the personalty of the corporation was in the hands of the individual members, it would still be taxable in addition to their other property. The money sought to be taxed in this case is contributed by the various members for the purpose of indemnifying any member for the loss of his property by fire. This money, as well as the insured property, is subject to taxation. The money in the hands of the corporation being taxed once, and the property in the hands of the individual members being taxed once, this is not double taxation. It is simply the enforcement of the constitutional rule that all property, whether real or personal, shall pay a uniform rate of *ad valorem* taxation.

It is further contended by appellant that, inasmuch as it was required by an ordinance of the city of Louisville to pay a license for carrying on the business of a fire insurance company for the years wherein the *ad valorem* tax is sought to be collected, that fact makes the collection of the *ad valorem* tax double taxation. After the passage of the act for the government of cities of the first class in 1893, the municipality sought to tax certain business by means of a license, which was to be in lieu of the *ad valorem* tax prescribed by the Constitution.

In the case of Levi v. City of Louisville, 97 Ky., 394, 16 R., 872, 30 S. W., 973, 28 L. R. A., 480, it was held that this could not be done, that the *ad valorem* tax must be enforced uniformly, and that the license or occupation tax must be in addition to the *ad valorem* tax. The court, in thus overturning the system by which the municipality sought to substitute a system of licenses in lieu of the *ad valorem* tax, after directing that the *ad valorem* tax should be retrospectively imposed, said that inasmuch as the license fees, as indicated by their amount, approximated the value of the *ad valorem* tax, the former might be deducted from or credited on the latter for the given years. But this was done only because the licenses had been imposed as a substitute for the *ad valorem* system, and the language of the court has no application where the license is an occupation tax, and is imposed in addition to the *ad valorem* system. Section 3011, Ky. St., provides: "The general council (of cities of the first class) may, by ordinance, provide for the following licenses to be paid into the sinking fund with added penalties for doing business, for following the calling, occupation, profession, or the using or holding or exhibiting of the articles herein named, without the required license." Then follows the general list, including specifically the name of every business which the Legislature could call to mind, among which were the following: "Every life, fire, or accident, casualty, and indemnity insurance company. . . . doing business in this city, shall on or before the first day of February of each year pay to the sinking fund not less than two nor more than three dollars on every one hundred dollars of premiums received on business done in the city during the previous year." In pursuance of this authority, the general council on April 1, 1896, enacted an ordinance entitled "An ordinance pro-

viding for certain licenses for the sinking fund of the City of Louisville," which is as follows: "Be it ordered by the general council of the City of Louisville: Section 1. That hereafter the following licenses shall be paid into the sinking fund of the city of Louisville, for the purpose of the sinking fund, for doing the business, following the calling, occupation and profession, or using, or holding, or exhibiting the articles hereinafter named in the city of Louisville, in addition to the *ad valorem* tax heretofore levied, or hereafter to be levied on any species of property in the city of Louisville. . . ." Among the occupations required to be taxed by the provisions of this ordinance were the following: "Every life, fire, accident, casualty and indemnity insurance company doing business in this city shall, on or before the first day of February of each year, pay to the sinking fund the sum of two dollars and fifty cents on every one hundred dollars of premiums on business done in the city during the previous year. . . ." It will be observed that this ordinance specifically provides that the license shall be in addition to the *ad valorem* tax required by the Constitution and the charter to be paid on all property within the city limits. That the general council had the right thus to require the payment of the occupation tax in question, in addition to the *ad valorem* tax, was clearly settled in the cases of Levi v. City of Louisville, *supra,* Commonwealth v. Pearl Laundry Company, etc., 105 Ky., 259, 20 R., 1172, 49 S. W., 26, and Fidelity Casualty Company v. City of Louisville (106 Ky., 207, 20 R., 1785) 50 S. W., 35. The opinions in these three cases are conclusive of the right of the municipality to levy the occupation tax provided for by the ordinance, in addition to the *ad valorem* tax required by the Constitution and the charter. They are so exhaustive of the subject, and so plain in their

meaning, that it is unnecessary to further attempt to eluci-
date the proposition. It follows that appellant is not entitled
to a credit of the amount of the license tax paid under the
ordinance on the *ad valorem* bills sued on.

The judgment of the chancellor is affirmed.

Response by Judge Hobson to petition for rehearing.

We have read with interest the petition for rehearing, and
have reconsidered the questions raised, but are unable to see
that any reason exists for modifying the opinion which we
rendered herein. The clerical error in appellant's corporate
name did not vitiate the tax bills. The sense is perfectly
apparent. The city taxes in the same way as appellant, all
like corporations. The fact that as to other corporations
unlike appellant a different system is devised does not
affect it, as no injustice is thereby done it. The Legislature
may properly classify taxpayers in devising an equal system
of taxation. No right of appellant under the federal or
State Constitution appears to have been violated. This
question was considered on the original hearing, but omitted
from the opinion.

The petition is overruled.