## Kentucky & Louisville Mutual Insurance Co. v. Commonwealth.

### (Decided May 21, 1913.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Insurance, Fire—Mutual Company—Payment of Assessments—Obligation to Pay Not Property—Taxation.—The obligation of the members to a mutual insurance company to pay future assessments as they may be necessary to meet losses, is not property having a cash value, and is not subject to taxation in the hands of the company, although the members execute to it an obligation binding themselves to pay such assessments.

R. A. McDOWELL for appellant.

M. J. HOLT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The Kentucky and Louisville Mutual Insurance Company is a domestic fire insurance company chartered by a special act in 1839. Its manner of doing business is this: The company issues to each of its members a policy insuring his property and takes from the member a note, the amount of which is double the usual insurance premium charged by regular companies. The member pays 10 per cent of his note when the policy is delivered, and as assessments are made during the continuance of his policy he pays his assessments. At the end of the term his note is returned to him, his obligation being simply to pay such assessments on the note as are made during the term of his policy, the note being the maximum of his liability. The provisions of the charter under which the business is done are as follows:

"Every person who shall become a member of said company by effecting insurance therein, shall, before he receives his policy, deposit his promissory note for such sum or sums of money as shall be determined by the directors, a part not exceeding 10 per cent of which note shall be immediately paid for the purpose of discharging the incidental expenses of the institution, and the remainder of said deposit note shall be payable in part or in whole at any time when the directors shall deem the same requisite for payment of losses or other expenses; and at the expiration of the term of insurance the said note, or such part of the same as shall remain unpaid after deducting all losses and expenses occurring during said term, shall be relinquished and given up to the signer thereof.

"Every member of said company shall be, and hereby is, bound to pay his proportion of all losses and expenses happening and occurring in and to said company, and all buildings insured by and with said company, together with the right, title and interest of the assured to the lands appurtenant thereto, and in use therewith, shall be pledged to said company, and the said company shall have a lien thereon to secure the payment of the promissory note or notes deposited, according to the respective policy with the company, or so much thereof as shall at the time remain unpaid after deducting the proportion of loss and expense chargeable properly against each note of such assured.

"The directors shall after receiving notice of any loss or damage by fire sustained by any member, and ascertaining the same, or after the rendition of judgment as aforesaid, against said company for such loss or damage, settle and determine the sum to be paid by the several members thereof as their respective portions of such loss and publish the same in such manner as they shall see fit, or as the laws may have prescribed; and the sum to be paid by each member shall always be in proportion to the original amount of his premium note or notes, and shall be paid to the treasurer within thirty days next after the publication of said notice; and if any member shall, for the space of thirty days after such notice, neglect or refuse to pay the sum assessed upon him, her or them, as his, her or their proportion of any loss as aforesaid, in such case the directors may sue for and recover the whole amount of his, her or their deposit note or notes, with cost of suit; and the money thus collected shall remain in the Treasury of such company subject to the

payment of any such losses and expenses as have or may thereafter accrue, and the balance, if any remain, shall return to the party from whom it was collected on demand, after thirty days from the expiration of the term for which insurance was made.''

The notes are in the following form:

''$.................... Louisville, Ky., ....... 191..
........................promise to pay the Kentucky and Louisville Mutual Insurance Company, ................... Dollars and ...................... cents, in accordance with the provisions of the charter incorporating said company, it being the premium on policy No...............''

The company held $62,000 of these notes, and this proceeding was brought in the Jefferson county court to assess the notes for taxation as omitted property. The county court dismissed the proceeding. In the circuit court it was adjudged that the notes less such assessments as had been paid on them were subject to taxation as omitted property. From this judgment, the company appeals.

While the papers are called notes it will be seen that they are not in the usual sense promissory notes. The promise of the maker is to pay the money in accordance with the provisions of the charter, it being the premium on his policy, and the provision of the charter is that the notes shall be payable in part or in whole at any time when the directors shall deem the same requisite for the payment of losses or other expenses and that at the expiration of the term of insurance such part of the note as shall remain unpaid after deducting all losses and expenses shall be given up to the maker. The directors are only authorized to make assessments to pay losses and so the sum of the promise of the insurer is to pay such assessments as shall be made to pay losses incurred by other members of the company. The proof shows that the losses vary very much. At some periods in the history of the company the 10 per cent paid when the policies are delivered was sufficient to cover all losses, at other times assessments were made. But what assessments will be made depends upon the losses that occur. The obligation of the insured to pay is therefore conditional upon the occurrence of losses. The notes are merely memoranda evidencing the maximum liability of the insured. In Kenton Insurance Co. v. City of Covington, 86 Ky., 213, the court said:

"The policy holder is not requred to pay taxes on the amount of his policy because he is entitled to no part of the money until he has sustained a loss."

Thus accident policies, employers liability policies, bonds of indemnity required in court proceedings, are all contracts to pay money upon a contingency, but none of them are subject to taxation because they have no present cash value. Under the constitution and the statutes property must be assessed at its "fair cash value estimated at the price it would bring at a fair voluntary sale," the value to be estimated as of September 1 of the assessing year. The notes in question are merely guarantees signed by the members that they will pay such losses as they may sustain. The signers of the notes, though on separate papers, are all parties in effect to each contract or policy. The case is not substantially different from what it would be if no note had been executed, and the whole contract had been set out in the policy. The sum of the arrangement is that the members of the company agree to insure each other by paying such assessment as may be necessary to pay the losses not exceeding the maximum fixed. The liability is not certain or positive but contingent. In Commonwealth v. Ky. Distilleries Co., 143 Ky., 314, we said:

"The fundamental question to be ascertained in determining whether or not a demand or evidence of debt is property of value is,—has the owner of it the legal right to enforce its collection and is it collectible?"

In 27 Am. & Eng. Encyc. of Law, 638, it is said:

"The word 'debt' in an enumeration of taxable property includes as well sums, the payment of which is promised at a future day, as sums already due and payable, but it does not extend to money payable upon a future contingency."

In 37 Cyc. 783, it is said:

"To be thus taxable it is not necessary that a debt or claim should be immediately payable; but only that it should be a legal demand such as the law will recognize and enforce, fixed and certain (and not indefinite or contingent), and liquidated as to its amount."

A number of cases are cited in the above which fully sustain the text.

The policies and notes when read together evidence an agreement by the members of the society to insure each others property. There are not a few mutual companies whose members insure each other's lives or property by the payment of assessments to meet losses; but

the liability to assessment and the obligation to pay future assessments when made are not property which would bring anything at a fair voluntary cash sale and are not subject to taxation in the hands of the association. While appellant's mode of doing business differs in some details from that of most of these associations, the substance is the same. The law looks at substance, not form. Stripped of the forms, there is here simply an obligation to pay future assessments, as they may be made to meet losses of the members, and this liability being contingent and having no cash value at a voluntary fair sale, is not taxable.

German, Etc. Ins. Co. v. Louisville, 117 Ky., 599; Gish v. Shaver, 140 Ky., 649; Com. v. Ky. Distilleries Co., 143 Ky., 323, involved property that had a cash value at a fair voluntary sale, not an obligation to pay a future purely contingent liability.

Judgment reversed and cause remanded for a judgment as above indicated.