## Commonwealth, By Walton Byars, Revenue Agent, et al v. Travelers Insurance Machine Company.

(Decided October 11, 1918.)

### Appeal from Jefferson Circuit Court.

Taxation—Omitted Property—Claim for Unliquidated Damages—Assessment.—A mere claim for unliquidated damages for the breach of a contract, though subsequently reduced to a judgment, is 'not taxable.

MAT. J. HOLT and A. S. BULLITT for appellant.

DAVID R. CASTLEMAN and PRYOR & CASTLEMAN for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

This is a proceeding by the Commonwealth against the Travelers Insurance Machine Company to assess omitted property under section 4260, Kentucky Statutes. While other items of property were described in the statement filed in the Jefferson county court, the only item in dispute is described in that statement as follows:

"Chose in action against United States Fidelity & Guaranty Company 82,745 pending in the Jefferson circuit court, common pleas branch, fourth division, wherein judgment was rendered in favor of this defendant on the — day of November, 1913, for $100,000, value $75,000."

This alleged property was held not taxable. On appeal to the circuit court, an amended and supplemental statement was filed describing the property as follows:

"A chose in action against the Noyes Manufacturing Company, principal, and the United States Fidelity & Guaranty Company, surety, reduced to judgment in 1914 and affirmed by the Court of Appeals on December 17, 1915, for damages in the sum of $91,585.20 for violation by the said Noyes Manufacturing Company as principal of a contract, which contract was executed in Louisville, Jefferson county, Kentucky, on August 3, 1911, and on which said contract the defendant paid the sum of $85,335.20, the original judgment in the sum of $91,585.20 having been awarded against the defendant, the Noyes Manufacturing Company, principal, and the United States Fidelity & Guaranty Company, surety, by

the Jefferson circuit court, common pleas branch, fourth division, and appealed by the defendants therein to the Court of Appeals, where said judgment was affirmed and said chose in action and judgment so affirmed was on September 1, 1913, of the fair cash value estimated at the price it would bring at a fair voluntary sale of $90,000.00.''

That court also held the alleged property not taxable and the Commonwealth appeals.

While it is true that the words ''personal property'' include money, goods, chattels, things in action and evidence of debt, Trimble v. City of Mt. Sterling, 11 Ky. Law Rep. 727, 12 S. W. 1006, it is also the rule that in order for a debt or claim to be taxable it should be a legal demand such as the law will recognize and enforce, fixed and certain and not indefinite or contingent, and liquidated as to its amount, though it need not be immediately payable. 37 Cyc. 784; Ky. & Louisville Mutual Insurance Co. v. Commonwealth, 153 Ky. 824, 156 S. W. 897. Following this rule, it has been held that a claim for damages for land taken under the power of eminent domain is not taxable unless adjudicated or agreed on. Powers v. Worcester, 210 Mass. 471; Deane v. Hathaway, 136 Mass. 129; People v. Halstead, 26 N. Y. App. Div. 316, affirmed in 159 N. Y. 533, 53 N. E. 1130. Here the claim sought to be taxed had not been reduced to a judgment on September 1, 1913, the day on which it is claimed it should have been assessed. At that time it was a mere claim for unliquidated damages for the breach of a contract. Its validity turned on questions of fact which might or might not be decided in favor of the defendant here. Until these facts were decided in favor of the defendant and the damages fixed, the claim was indefinite, contingent and unliquidated as to its amount. Until then it was a mere expectancy or possibility, having no market value. We, therefore, conclude that it was not taxable.

Judgment affirmed.