### STATE v. KING, Adm'r.

No. 18775. Opinion Filed Dec. 17, 1929.

Rehearing Denied Feb. 4, 1930.

Commissioners' Opinion, Division No. 2.

A. N. Boatman and R. W. Stoutz, for plaintiff in error.

A. L. Beckett, for defendant in error.

HERR, C. This is a tax ferret proceeding for the assessment of omitted property for the year of 1925, brought against Tom King, administrator of the estate of Richmond Bruner, deceased, before the county treasurer of Okmulgee county. The property sought to be assessed consists of a credit or claim of the alleged fair cash value of $25,000, in favor of the said estate and against the Guaranty Trust Company of Muskogee, Okla. The contention of the state is that this claim should have been listed for taxation by the administrator in Okmulgee county for the year 1925. The county treasurer held against the state. An appeal was taken to the county court, in which the judgment of the county treasurer was affirmed. The state appeals.

It appears that, on March 30, 1923, the Guaranty Trust Company of Muskogee was appointed administrator of the estate of the said Richmond Bruner, deceased. The said administrator received as assets of the estate, $108,385.52, consisting entirely of cash and bonds. Sometime in the latter part of 1923, the Guaranty Trust Company was discharged as administrator, and Tom King, a resident of Okmulgee county, was appointed in its stead.

On December 24, 1923, upon an order of the county court, the Guaranty Trust Company filed its final account in said court in which account it was claimed by said Guaranty Trust Company that the estate was indebted to it in the sum of $5,000. This account was contested by the new administrator, respondent herein, and on January 20, 1924, the court entered its order finding said Guaranty Trust Company indebted to the estate in the sum of $91,968.17. The Guaranty Trust Company appealed to the district court. This appeal was later heard by the said court, but no decision was ever rendered.

On September 17, 1924, the administrator, Tom King, and the Guaranty Trust Company entered into a written agreement whereby it was agreed to settle and compromise this claim for the sum of $25,000. This agreement was, on the said day, approved by the county court of Okmulgee county. In accordance with this agreement, the claim was settled by the Guaranty Trust Company in the early part of April, 1925.

It is the contention of the state that this claim was taxable for the year 1925 in Okmulgee county under section 9583, C. O. S. 1021, which, among other things, provides:

"Personal property, for the purpose of taxation, shall be construed to include: All goods, chattels, moneys, credits and effects."

The contention of the administrator is that if the estate was liable for taxes on said claim for the year 1925, the assessment should have been made in Muskogee county, the domicile of the, Guaranty Trust Company; that the fund was still held by said company in trust for the estate; that the same did not come into his possession as an asset of the said estate until April, 1925, the date upon which settlement was actually made with him by the Guaranty Trust Company, and that, therefore, the same was not assessable in said county for the year 1925.

Section 9599, C. O. S. 1921, provides that the property of a deceased person shall be listed for taxation by the executor or administrator, and, under the provision of section 9624, such property is required to be listed for taxation in the same county and township in which such executor or administrator would be required to list the same if it were his own.

Under the statute, this claim became taxable against the estate in Okmulgee county the moment the same became an asset in the hands of the administrator in said county. Under section 9583, credits are property and taxable. The general rule is that when claims become liquidated and liability definitely fixed, they are taxable at their fair cash value, although not immediately payable. 37 Cyc. 783.

In the case of Pryor v. Marion County et al. (Tenn.) 204 S. W. 1152, it is held:

"Under Acts 1907, c. 602, sec. 5 (1) (Thomp. Shan. Code, sec. 774, subd. 1), providing that all property shall be assessed for taxes for

the current year, a judgment in condemnation proceedings pending appeal is taxable."

See, also, Powers v. Worcester (Mass.) 97 N. E. 95; Commonwealth v. Travelers Machine Insurance Co. (Ky.) 203 S. W. 561.

The claim in the instant case certainly became liquidated in September, 1924, the date upon which the settlement was approved by the county court. It then became an asset in the hands of the administrator in Okmulgee county, and was, under the statute, there taxable for the year 1925.

It further appears that there was an attempt made by the tax ferret to list this claim for taxation for the year 1924. There was a hearing had before the county treasurer upon the application of the ferret. The claim of the tax ferret was by the treasurer denied. No appeal was taken. Respondent pleads this judgment of the county treasurer as a bar to this proceeding. This plea is not good. The claim did not become liquidated until after January 1, 1924, and was, therefore, not taxable for said year. No bar arises by virtue of said judgment.

The judgment of the county court should be reversed, and the cause remanded, with directions to enter judgment in favor of the plaintiff for the listing and taxation of said property in accordance with the prayer of its petition.

BENNETT, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 25 R. C. L. p. 293; 6 R. C. L. Supp. p. 1547. See "Taxation," 37 Cyc. p. 794, n. 4; p. 958, n. 10; p. 1018, n. 93.