LUMBERMEN'S SUPPLY CO. v. NEAL.

No. 30148.    Oct. 14, 1941.

Rehearing Denied Oct. 28, 1941.

*119 P. 2d 1017.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiff in error.

Miley, Hoffman, Williams, France & Johnson, of Oklahoma City, for defendant in error.

HURST, J. Plaintiff, A. C. Neal, brought this action for an accounting against defendant, Lumbermen's Supply Company, for 10 per cent of its net profits from May 1, 1939, to September 30, 1939, which by written contract it had agreed to pay him as part compensation for his services as sales manager. From a judgment for plaintiff, defendant appeals.

By written contract, and a supplementary letter, defendant employed plaintiff, who had theretofore been its general manager, as sales manager at a stated monthly salary and 10 per cent of its net earnings during the period of service. The net earnings were to be computed "before the officers and directors receive any salaries, except the directors' attendance fee, but after all income taxes and other taxes and after any credits that accrue from the preceding year." The contract was termin-able at any time on 15 days' notice by either party, and if terminated before the expiration of one year, the profits for the period were to be ascertained and the per cent thereof paid plaintiff. On September 7, 1939, plaintiff gave defendant his written resignation, effective September 22nd. On September 15th, defendant relieved him from further service. After hearing evidence as to the net profits, and as to certain items in dispute, the trial court rendered judgment for plaintiff for $341.26.

1. Defendant first contends that its demurrer to plaintiff's evidence should have been sustained, for the reason that plaintiff did not allege and prove that he had returned his account under the Intangible Tax Law, art. 4, ch. 66, S. L. 1939, 68 O.S.A. § 1501, and paid the tax thereon. Defendant contends that plaintiff's claim is an account receivable within the terms of the act. Plaintiff says that it is an unliquidated demand, and therefore not within the purview of the act. Plainly plaintiff's claim was an unliquidated demand. 25 Words & Phrases (Perm. Ed.) 336. It was uncertain both as to existence and amount. If defendant had no net profits during the specified period, plaintiff had nothing coming to him. If defendant in fact made a net profit during the period, plaintiff had a claim, but the amount thereof depended on a variety of factors, including disputed credits and deductions, so that there could be no amount fixed until such time as the disputed questions were passed upon by the court, and the claim of plaintiff, if any he had, reduced to judgment. Just how a valuation for taxation could be placed upon a claim so nebulous is not suggested, and certainly any valuation would be highly speculative. While we agree with defendant that the terms "accounts" and "accounts receivable," as used in the act, are used in their most broad and comprehensive sense, a mere cause of action on an uncertain and unliquidated demand is not included therein. See Commonwealth v. Travelers Ins. Mach. Co., 181 Ky. 596, 205 S. W. 561.

2. Defendant contends that the trial court should have denied plaintiff any relief for the reason that by his wrongful conduct during and after his employment plaintiff forfeited his right to any relief in equity. It relies upon Weleetka Light & Water Co. v. Burleson, 42 Okla. 748, 142 P. 1029, and other cases holding that equity will not aid an unfaithful agent, and upon Morrison v. Woodburg, 105 Kan. 617, 185 P. 735, holding that equity will enjoin the use of information acquired by an employee during employment after his resignation or discharge. But in the instant case the only showing of wrongful conduct on the part of plaintiff was that after the termination of his employment he engaged in a competing business and solicited some of the customers of defendant for orders. It is not shown where he received a single order from such a customer. He admitted that he may have had a list of customers, but testified that he knew the names and addresses of most of them, and that some, but not all of them, had been solicited by his salesmen. He also admitted that after the date of his resignation, but before it became effective, he had made arrangements for a place of business, and placed one or two orders for material for use in his business. He denied that during his employment he had neglected defendant's business, or done any act to its injury or detriment. His testimony was not disputed, for defendant introduced no evidence, but moved for judgment upon the overruling of its demurrer to the evidence. The sales of defendant during the months of September and October showed a decided decline, but no evidence tending to show that such decline was due to the conduct of plaintiff was produced. The evidence was not sufficient to justify the application of the rule announced in the authorities cited by defendant.

3. Defendant's last contention is that the judgment is excessive, and that the trial court erred in allowing interest thereon from the date the action was filed, instead of from the date of judgment. The record does not show how the trial court computed the amount of the judgment, nor do the briefs of the parties set out the manner in which the amount was arrived at. In view of the conflict as to certain deductions shown in the audit made by defendant at the termination of plaintiff's employment, and as to certain items of income which plaintiff's evidence tended to prove were not included in the audit, the trial court could have rendered a judgment in excess of the amount to which it found plaintiff entitled. We therefore conclude that the judgment was not excessive. However, from what has heretofore been said as to the uncertain nature and amount of plaintiff's claim, we think interest should have been allowed only from the date of judgment. American Eagle Fire Ins. Co. v. Lively, 142 Okla. 246, 286 P. 797.

The judgment is modified so as to draw interest from the date of its rendition, instead of from the date of the filing of the action, and as so modified is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON and ARNOLD, JJ., concur. RILEY, OSBORN, BAYLESS, and GIBSON, JJ., absent.