DUNLAP v. SPENCER.

No. 30414. April 21, 1942.

*124 P. 2d 985.*

Everest, McKenzie & Gibbens, of Oklahoma City, and Bill Montgomery, of Idabel, for plaintiff in error.

Geo. T. Arnett and F. R. Abbott, both of Idabel, for defendant in error.

BAYLESS, J. Homer H. Dunlap, Jr., appeals from the judgment of the district court of McCurtain county rendered in a law action, tried without a jury, in favor of H. L. Spencer. Dunlap asked judgment against Spencer for $2,650, with interest and attorney's fees, on a series of notes, and for the foreclosure of a chattel mortgage. Spencer filed an answer, which in reality was an answer and cross-petition, wherein Spencer admitted owing Dunlap $1,309,

secured by the chattel mortgage, as set out in a certain statement of the balance of account less certain credits mentioned generally but not stated in figures. Spencer then detailed these credits and they totaled $2,366.79. Spencer alleged a balance in his favor of $1,057.77, after allowing Dunlap his $1,309, and sought judgment therefor.

There had been a running business relation between these men for three or four years, and on December 13, 1939, they had a settlement on paper as to the state of the account. In this statement were detailed the items of money owed by Spencer to Dunlap and the items of personal property mortgaged as security. Then appears a paragraph reading:

"There is a certain undeterminable amount of lumber cut which can be credited upon shipment; also standing timber."

The first contention of Dunlap relates to an issue of law. At every convenient stage of the proceedings after Spencer filed his answer, Dunlap raised the issue that Spencer had not stated a cause of action with respect to his claim against Dunlap because he had not alleged, and did not prove, that he had rendered the accounts or bills receivable or credits sued on for taxation, or had paid the taxes due under the Intangible Personal Property Law, 68 O. S. 1941 §§ 1501-1520, as required by 68 O. S. 1941 § 1515.

The record affirmatively discloses that Spencer did not return these claims for taxation under said law, and did not pay any such tax.

Spencer takes the position, in answer to Dunlap's contention, that the claims he held were unliquidated, uncertain, and dependent upon an accounting, as spoken of in Lumbermen's Supply Co. v. Neal, 189 Okla. 544, 119 P. 2d 1017, and therefore not affected by the law in question.

68 O. S. 1941 § 1501, defines the property subjected to the intangible personal property tax thereby levied, and among such properties mentioned are:

"Accounts and bills receivable, including . . . other credits, whether secured or unsecured."

We do not understand Spencer to contend that his claims would not be within this definition if the amounts thereof were certain or did not depend upon evidence to sustain them. He pitches his position in this respect on the language of our decision, supra, to the effect: They are uncertain both as to existence and amount.

We are of the opinion Spencer is not correct in his contention that the rule of law announced in Lumbermen's Supply Co. v. Neal, supra, applies to his claims.

In the statement of December 13, 1939, the existence of these credits was recognized, and it was merely a matter of computation by Spencer to arrive at the amount. Spencer did not have to rely on the books or records or business practices or experiences of anyone else as the basis for or calculation of the amount of his credits. In this respect his situation differed sharply from that of the plaintiff in Lumbermen's Supply Co. v. Neal, supra. Neal's claim was contingent and uncertain because it depended altogether for its amount on an inspection of the records of the company, and these in turn would only reflect the business experience of the company. Spencer's claim here depended upon nothing more than measuring the sawed lumber and the standing timber.

While we think that the difference in aspect between the claims of Neal and Spencer are obvious and compel their respective rules of law, we cannot leave this point without saying that not every account or bill receivable or credit is rendered uncertain within the Neal Case by being disputed. There must be the element of probable nonexistence that is reasonably inherent in every situation such as Neal's, where additional compensation is dependent upon factors over which the claimant may have no control.

Another factor must be noticed in this case. Intangibles may be returned

as late as March 1st of the given year. Spencer filed his answer and cross-petition February 29, 1940, hereby indicating that before these intangibles were returnable for taxation, Spencer knew the details and extent thereof. He specified three items, lumber shipped $772.32, lumber sawed and on hand (marked by Dunlap's agents with Dunlap's mark) $643.94, and standing timber $950. Spencer was disallowed for certain lumber that had suffered deterioration, and given judgment for $950.

We think all of these add up to taxability, and his failure to plead and prove rendition for taxation and payment of the tax, if due, was fatal to the maintenance of his cause of action. 68 O. S. 1941 § 1515.

The judgment is reversed.

RILEY, and GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and OSBORN and HURST, JJ., dissent. CORN, V. C. J., absent.