## DUNLAP v. SPENCER.

No. 30414.   Oct. 20, 1942.

Rehearing Denied Dec. 1, 1942.

*131 P. 2d 994.*

Everest, McKenzie & Gibbens, of Oklahoma City, and Bill Montgomery, of Idabel, for plaintiff in error.

Geo. T. Arnett and F. R. Abbott, both of Idabel, for defendant in error.

GIBSON, J. This action was commenced in district court by plaintiff in error against defendant in error to recover on certain promissory notes aggregating the sum of $2,650, and to foreclose a chattel mortgage given to secure the same. Defendant recovered judgment by way of set-off and counterclaim on his cross-petition in excess of the debt due plaintiff, and plaintiff appeals.

In his answer and cross-petition defendant pleaded an instrument alleged to be an account stated bearing date December 13, 1939, wherein it is shown that the balance due plaintiff from defendant on that date as reflected by plaintiff's books was $1,309; that thereafter, and prior to the commencement of the action, defendant delivered to plaintiff three carloads of lumber aggregating as per invoice the sum of $772.33 in value; and that defendant, in addition to that amount, was entitled to recover the value of certain other items which remained undetermined and specifically excluded from the account stated. The latter items, according to defendant, consisted of lumber of the value of $643.94 already cut by defendant and stacked on defendant's premises as per order of plaintiff, and the sum of $970 which the defendant alleged to be due him from plaintiff for two tracts of timber land purchased for and in the name of the plaintiff.

Those allegations were placed in issue by the reply. But plaintiff later acknowledged the alleged account stated insofar as it settled the amount then due him from defendant, and admitted receiving the three cars of lumber to be credited to defendant's account.

The record shows that the defendant was engaged in the business of buying and cutting standing timber and manufacturing lumber for the market. For some three or four years plaintiff had been one of his customers, and on occasion had advanced him funds for the operation of his business. In addition to the mortgage aforesaid defendant was usually indebted to plaintiff by reason of money so advanced. On receiving lumber from defendant plaintiff would credit his account, which included the balance due on the notes, with the purchase price thereof. The record shows that throughout the course of their dealings the parties had adopted a plan whereby each became both debtor and creditor of the other in the form of reciprocal demands growing out of the lending of money and the sale and purchase of commodities. As we gather from the acts and admissions of the parties, there grew up an understanding between them that every item furnished by one to the other was to be considered as a credit against the balance he might owe and, to the extent of the value or agreed price thereof, treated as a payment on account.

By adopting this plan of mutual dealings and reciprocal demands the par-

558

ties operated under an accounting system known as a mutual account. 1 C. J. 598-599, § 6.

Defendant's evidence established the item of $643.94 representing lumber cut and stacked on plaintiff's order. Defendant's testimony showed also that the two tracts of timber were purchased for plaintiff with money advanced by plaintiff and which was included and charged to defendant in the account stated, and that the amount so charged was $950.

Plaintiff objected to this testimony as an attempt to vary the terms of the account stated, but the objection was overruled.

As said before, plaintiff admitted that the account stated correctly fixed the balance then due him from defendant at $1,309; and he admitted receiving thereafter the three carloads of lumber valued at $772.33 as aforesaid, leaving a balance due him in the sum equal to the difference between the $1,309 and $772.33, which plaintiff for some reason fixes at $523.58 instead of $536.67.

At the close of all the evidence plaintiff demurred thereto as being insufficient to support a recovery on defendant's part for the items of $643.94 and $950, representing the stacked lumber and the standing timber, respectively. He also moved to dismiss defendant's cross-petition on the ground that the items pleaded therein constituted intangible property within the meaning of 68 O. S. 1941 § 1501 (c), and that defendant had failed to allege and prove that the same had been assessed for taxation and the tax thereon paid as required by 68 O. S. 1941 § 1515. The demurrer and motion were overruled.

Defendant thereupon moved for judgment in the sum of $1,056.67, which was approximately the difference between the balance claimed by plaintiff and the value of the stacked lumber and the standing timber.

The court found that defendant was indebted to plaintiff in the sum of $1,309 as revealed by the account stated; that

as against that amount defendant was entitled to a credit of $772.33 for the three cars of lumber, leaving a balance of $536.67; that defendant was also entitled to credit for the stacked lumber, not, however, in the sum of $643.94 as alleged by defendant, but in the sum of $536.67, thus balancing the account at that point. It was further found that defendant was entitled to recover the sum of $950 for the standing timber. Judgment for $950 was rendered accordingly for defendant.

First, we must determine whether the sums allegedly due defendant for the stacked lumber and the standing timber were of that class of intangible personal property actually made subject to taxation by the Intangible Personal Property Tax Law (68 O. S. 1941 §§ 1501-1520); and whether this action is of that character wherein the party seeking recovery must allege and prove that the items in question have been assessed under the provisions of the act, and the taxes thereon paid.

If these items constituted intangible personal property within the meaning of the statute, they must fall within the classification defined in section 1501 (c), supra, as follows:

"As used in this Act, the term 'intangible personal property' means and includes the following: . . .

"(c) Accounts and bills receivable, including brokerage accounts, and other credits, whether secured or unsecured."

With reference to the right to maintain an action for the collection of intangibles as defined in the statute, section 1515, so far as material here, reads as follows:

"In every action or suit in any court for the collection of any bond, note, account receivable, or other intangible personal property as defined in Section 1 of this Act, the plaintiff must allege and prove:

"That such intangible personal property sued upon has been assessed for taxation under the provision of this Act. . . ."

We are of the opinion that the items in question did not constitute accounts or bills receivable within the meaning of the statute. Paragraph (c), supra, refers only to accounts and bills receivable. Brokerage accounts and other credits are there classified as accounts or bills receivable. The statute does not contemplate a mere cause of action for money due or credits claimed under a contract where the debt or credit arose by reason of a system of mutual dealings between the parties resulting in reciprocal demands. That is to say, a mere cause of action for money allegedly due or to establish a credit as arising out of a business arrangement carried on under a system of mutual account does not constitute intangible property such as is required to be rendered for taxation under the Intangible Tax Law.

In Lumbermen's Supply Co. v. Neal, 189 Okla. 544, 119 P. 2d 1017, we considered a similar question. We there held as follows:

"A mere cause of action for money due upon a contract, where both the existence and amount of the debt must be established by an accounting, is not such an account as is required to be rendered for taxation under the Intangible Tax Law, art. 4, ch. 66, S. L. 1939, 68 O. S. A. § 1501."

Although that action was one in equitable accounting, while the instant one was for recovery on promissory notes and to foreclose a mortgage, we are of the opinion that the principle behind the rule there announced will apply here as well. Under a business arrangement such as was conducted by the parties in this case, any unliquidated balance due either of them cannot be termed an account or bill receivable within the meaning of the statute, supra.

It is next urged that the court erred in permitting defendant to introduce evidence tending to vary the terms of the account stated.

Both parties have treated the instrument pleaded by defendant as an account stated. We see no reason why we should not so consider it, except to say that the plaintiff did not base his action thereon as a new obligation taking the place of the prior account out of which it emerged.

But plaintiff gives us no rule relating to the reception of evidence to vary the terms of an account stated, and, as a matter of fact, we need not be concerned therewith, since the evidence objected to related to items specifically omitted and excluded from the settlement. As to those items there was no account stated. 1 Am. Jur. 276, § 22. They were left open for future adjustment, and parol evidence was admissible to establish them.

The provision in the account stated whereby these particular items were said to be omitted therefrom reads as follows: "There is certain undeterminable amount of lumber cut which can be ascertained upon shipment; also standing timber." Plaintiff says the last clause was added without his knowledge or consent, but the court found to the contrary, and its finding is amply supported by the evidence. The court also found, and we agree, that the above quoted provision referred to the items in question.

Plaintiff has challenged the evidence generally as insufficient to support the judgment.

But, after a thorough review of the record, we find that the judgment is fully supported by the evidence.

The judgment is affirmed.

WELCH, C. J., and OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., dissents. CORN, V. C. J., and RILEY, J., absent.