## BRAUER MACHINE & SUPPLY CO. v. RUDY.

### No. 31083. May 9, 1944.

*148 P. 2d 979.*

Rex H. Holden, of Oklahoma City, for plaintiff in error.

Ross M. Lillard and John M. Lawrence, both of Oklahoma City, for defendant in error.

BAYLESS, J. U. S. Rudy instituted an action in the court of common pleas of Oklahoma county against Brauer Machine & Supply Company, a corporation, to recover a sum of money alleged to be due to him as a brokerage commission for services rendered the company in connection with the sale of certain of its merchandise. The jury rendered a verdict for plaintiff, and the company appeals.

The first contention made by company is that the evidence is insufficient on the point of the existence of a contract between the parties to justify sub-mission to the jury. However, when we have considered all of the plaintiff's evidence in the record on this point, including the corroborating testimony of another witness, as well as the denials and explanations of the officers of the company, we cannot but conclude that the trial court was correct in submitting to the jury the issue of whether such a contract existed.

The company next contends that even if such a contract existed, the evidence of the plaintiff is insufficient to show that he performed any services thereunder.

The plaintiff's evidence is not of the desirable type as to quantity or definiteness on this point, and yet, upon due consideration of all of the evidence, we are unable to say that it is so deficient as to render erroneous the submission thereof to the jury. When we consider that plaintiff believed he was acting with some authority, that while he may not have originated the deal he did participate in the transaction to some extent and urged the purchaser to buy, and when he claimed his commission he was not refused it at once on the ground he did not have authority but only later on the basis that he had not rendered service, we are of the opinion there is sufficient basis for his claim that he rendered service to justify a jury passing on the evidence.

It is asserted and denied on the strength of Lumberman's Supply Co. v. Neal, 189 Okla. 544, 119 P. 2d 1017, that the trial court erred in failing to deny plaintiff relief because of his failure to plead and prove a compliance with 68 O. S. 1941 § 1501 et seq. This statute is commonly referred to as the Intangible Personal Property Tax Law. Company also cites and relies upon Dunlap v. Spencer, 191 Okla. 557, 131 P. 2d 994.

We are impressed with plaintiff's argument, in which it is pointed out that this account arose in May, 1941, after the date for the return of intangibles for assessment in 1941, that the action was filed in October, 1941, and tried in February, 1942, before the re-

turn date in 1942; so that compliance was not practicable and therefore not required under the statute. See Day & Witt Furniture Co. v. Welbilt Appliance Corp., 193 Okla. 69, 141 P. 2d 267, wherein it is said the obligation under this statute is governed by the facts that exist at the time of the filing of the action.

The judgment appealed from is affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, and DAVISON, JJ., concur.