## ROBERTSON et al. v. MANEY.

### No. 32033. Feb. 19, 1946.

*166 P. 2d 106.*

Roger Stephens and Ted Foster, both of Oklahoma City, for plaintiffs in error.

Rex H. Holden, of Oklahoma City, for defendant in error.

PER CURIAM. On the 21st day of February, 1934, Ira Robertson and Mike Robertson and Ira Robertson and Son, a copartnership, hereinafter called plaintiffs, filed a petition against J. W. Maney seeking to recover on five separate contracts stated to be the Greensburg, Haviland and Mullinville, Kansas Project, in the amount of $1,712.88; the Roma, Mo., Project, in the amount of $5,113.61; the Seminole F. A. P. 222 sec. H. contract in the amount of $6,270; the Cedarvale and Sedan, Kansas, Project in the amount of $2,150.37; and the Watonga and Weatherford Project in the amount of $2,525.25. Judgment was prayed in the total sum of $17,772.-11. On the 10th day of March, 1943, the plaintiffs filed their third amended petition, upon which the case was tried. In this petition it is alleged that beginning in June, 1925, the defendant contracted many contract jobs and in connection with numerous contracts plaintiffs contracted a great many jobs of, from and with the defendant company; that during all of said times plaintiffs and defendant maintained a mutual running account; that because of such relationship the defendant was indebted to the plaintiffs for a sum in excess of $10,000, and prayed for an accounting.

The defendant filed an answer denying generally and specifically the allegations of the petition, and pleaded: (1) payment of any amount owing; (2) an account stated; (3) the bar of the statute of limitations, and in a final paragraph pleaded laches due to the death of a former partner of defendant and that Mike Robertson, one of the partners of the plaintiff company, had died, and the persons who kept the books of defendant were gone and it was impossible to obtain evidence relating to the transactions alleged to exist between the parties.

On trial to the court on the 18th day of November, 1943, the court found that the issue presented was on the objection to the accounting, and after hearing several witnesses found generally for the defendant, that the plaintiffs were not entitled to an accounting, and entered judgment for the defendant.

The plaintiffs have appealed and in two propositions urge error in the judgment of the court. It is first argued that the facts as disclosed by the uncontradicted evidence support an accounting between the parties. Plaintiffs rely upon the rule that parties, operating businesses under an arrangement of mutual dealings and reciprocal demands by which every item furnished by one to the other was considered as a credit against the balance he might owe, and, to the extent of the value or agreed price thereof, treated as a payment on account, operate under an accounting system known as a mutual account,

and cite Dunlap v. Spencer, 191 Okla. 557, 131 P. 2d 994; Field v. Spencer, 176 Okla. 57, 54 P. 2d 146; 1 C. J. Supp. 650, 655, 657.

We are of the opinion, and hold, that although the amended petition might be susceptible of the construction that it stated grounds for accounting based on mutual accounts, the proof offered by the plaintiffs wholly failed to establish a right in equity to an accounting because there was no fact situation shown which justified a finding of mutual accounts authorizing such accounting. The parties kept separate books and records. The evidence disclosed a series of contracts separate in each case which could be the basis of a separate action in each case.

If the amount due is to be obtained, it must be on a certain allegation of such amount due. If proof in the hands of the defendant was needed, the statutes of this state afford ample means of acquiring such necessary proof by subpoena duces tecum, 12 O. S. 1941 § 313, or the statutes authorizing the production and examination of documents and instruments. 12 O. S. 1941 §§ 481, 482, and 483.

This court has repeatedly held that where the plaintiff has a plain, speedy and adequate remedy at law, equity will not intervene in his behalf. Olson v. Thompson, 6 Okla. 74, 48 P. 184; Twine v. Carey, 2 Okla. 249, 37 P. 1096; Callison v. Kirkpatrick, 145 Okla. 132, 292 P. 54. We are of the opinion, and hold, that the trial court's finding that no mutual accounts existed authorizing an accounting in equity should not be disturbed.

In the final specification of error it is contended that the court erred in finding that the plaintiffs were guilty of laches. We are of the opinion that both parties have misconceived the judgment and holding of the trial court due perhaps to some interlocutory statements made during the proceedings of the trial. The judgment set out in the case-made reflects clearly, we think, that the trial court denied an account-ing and entered judgment generally for the defendant on the ground that the facts did not establish the existence of mutual accounts which would authorize an accounting.

The judgment of the trial court is affirmed.

GIBSON, C. J., and RILEY, OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur. WELCH, J., dissents.