SEVAL v. HUNT.

No. 32213.  Feb. 11, 1947.

*177 P. 2d 673.*

Jno. W. Porter, of Muskogee, for plaintiff in error.

Pierce & Pierce and W. P. Miller, both of Muskogee, for defendant in error.

CORN, J. This is an appeal from a judgment rendered by the district court of Muskogee county, in an action brought by L. O. Hunt to recover $363.60 allegedly due from defendant, H. H. Seval, on an open account, running from August 12, 1925, to July 7, 1944.

Plaintiff originally filed his action in the city court, where defendant had judgment, and an appeal was taken to the district court. Plaintiff alleged defendant's indebtedness in the amount of $575.43 for merchandise sold and deliv-

ered, as well as items, of cash advanced. Defendant was credited with the sum of $212.05 for payments made and by reason of labor performed by defendant.

The bill of particulars alleged that no usury had been charged, and that plaintiff had returned the indebtedness for assessment under the provisions of the intangible tax laws and had paid all such taxes. Defendant's answer was a general denial and plea of the statute of limitations.

The evidence showed that in 1925, plaintiff was principal owner of, and operated the Oklahoma Electric Company. Between August 12, 1925, and August 26, 1927, defendant incurred indebtedness of $575.65 for merchandise and for cash advanced. Between the first date and October 29, 1927, defendant was credited with payments, principally for labor performed as an electrician, totaling $152.05. Thereafter defendant received credits on this account as follows: November 11, 1940, cash $35; June 2, 1942, cash paid $20, and July 7, 1944, cash paid $5.

The testimony showed that subsequent to October 29, 1927, plaintiff had sold the Oklahoma Electric Company, and in the sale reserved three accounts, one of these being the account sued on herein, and these three accounts were not carried on the books when the parties who bought from plaintiff examined the company accounts. The former bookkeeper for the company testified to having removed the ledger sheets reflecting these three accounts from the books because they were plaintiff's personal accounts and were not purchased with the other accounts when the company was sold.

The defendant's testimony was that he had paid the account, and that the three items of credit by cash paid, above referred to, were loans he made to plaintiff, and that he had made no payments on the account.

At the conclusion of the testimony the trial court rendered judgment for plaintiff as prayed in the bill of particulars.

From this judgment defendant has appealed, on the grounds that the judgment rendered is contrary to law and not sustained by the evidence. Three propositions are presented by defendant. The first we shall consider is the contention that it was the duty of the trial court to dismiss the action upon its own motion, there being no evidence to show the account sued upon had been assessed for intangible tax purposes and the tax paid as required by the provisions of the intangible property tax law. (68 O. S. 1941 § 1501 et seq.)

The existence of the claim or account was denied by defendant, by reason of being barred by the statute of limitations; by reason of payment of the account; and by denial that certain items of payment as credited by plaintiff had been made. As pointed out by plaintiff, proof was required concerning the last payment and a judgment of the court thereon to establish the claim. Likewise, proof was required as to the amount of the claim, since defendant denied making any payments as alleged by plaintiff.

While it does not appear from the record that any precise agreement ever existed between the parties concerning the matter of reciprocal dealings, the record does reflect that defendant had worked for plaintiff from time to time and that plaintiff had credited defendant's account for the value of labor performed. Under these circumstances we are of the opinion this matter falls within the rule announced in Lumbermen's Supply Co. v. Neal, 189 Okla. 544, 119 P. 2d 1017, and in Dunlap v. Spencer, 191 Okla. 557, 131 P. 2d 994, that where there has been a system of reciprocal dealings carried on between parties to a business arrangement, an unliquidated claim for money or credit arising therefrom is not an "account receivable" as is required to be rendered for taxation under the intangible personal property tax law.

Defendant further asserts that the account belonged to the Oklahoma Electric Company, a corporation, and plaintiff had no right or authority, upon sale of the corporate business, to reserve for

himself one of the corporation accounts without (1) authorization from the corporation, and (2) an agreement with the debtor that this might be done.

The contention is without merit in view of the showing made in the record that this account was a personal account belonging to plaintiff and as such was withdrawn from the corporate accounts.

The third question presented by defendant is the sufficiency of the evidence to sustain the judgment, in view of the plea of the statute of limitations made by defendant. The evidence showed that the indebtedness was incurred during the years 1925-1926 and 1927. The credits thereon were during the same period of time with the exception of the last three cash credits heretofore noted. The evidence was conflicting concerning these credits. Defendant admitted the two credits of $20 and $5, but insisted they were given plaintiff as loans. He denied the $35 credit by testifying "No, sir; I never did make any $35 payment at all."

In all cases where a jury is waived in an action of legal cognizance and the cause tried to the court, the court's judgment will be accorded the same consideration as the verdict of a properly instructed jury and, if reasonably supported by competent evidence, will not be disturbed on appeal, Electric Supply Co. v. Garland, 188 Okla. 21, 105 P. 2d 758; Camp v. Black Gold Pet. Co., 195 Okla. 30, 154 P. 2d 769.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, GIBSON, and ARNOLD, JJ., concur.