## COLE v. HARVEY.

No. 32901.    Sept. 28, 1948.

*198 P. 2d 199.*

S. J. Clendinning, of Tulsa, for plaintiff in error.

Disney, Houston & Klein, of Tulsa, for defendant in error.

RILEY, J. Plaintiff, S. D. Harvey, commenced an action to foreclose a mechanic's lien for work performed on the property of defendant, A. R. Cole, and sought to recover $91.35. The cause was submitted to the jury upon the question of amount due and verdict was returned for the plaintiff in the sum of $40. An attorney's fee was thereupon fixed under the law providing for such fee in foreclosure of a lien, judgment was entered upon the verdict, and the defendant, after motion for new trial was overruled, appealed to this court.

If is first argued that there is no competent evidence reasonably tending to support the verdict of the jury and the judgment. It is admitted that the plaintiff was employed to do the electric wiring upon a dwelling house owned by the defendant; that this work was satisfactorily performed; the only dispute is as to the amount due. Defendant in his answer pleaded that he promised and agreed to pay the plaintiff $20 for the work to be performed; plaintiff alleged that he was entitled to $91.35, being the amount due for work and labor at the rate of 90 cents per hour. Defendant contends that since the jury refused to believe the evidence of defendant, and failed to return a verdict for $20, no verdict could be returned for plaintiff except $91.35.

Defendant cites and relies upon Alexander Drug Co. v. Whitaker, 146 Okla. 61, 293 P. 264; Maly v. Lamerton, 113 Okla. 168, 240 P. 716; Hart Grocery Co. v. Hunt, 175 Okla. 32, 52 P. 2d 66. These are all cases in which the plaintiff contended that the jury found for the plaintiff in a lesser sum than was due and asserted that having returned a verdict for the plaintiff it was bound to find for the plaintiff in a greater sum for the reason that the uncontested evidence was that the amount was due.

In all of these cases the court sustained the contention of the plaintiff. They are not in point in the case at bar. The issues presented to the jury were:

First. That the defendant agreed to pay the plaintiff $20;

Second. That the defendant agreed to pay the plaintiff 90 cents per hour; and

Third. That there was $91.35 due at the rate of 90 cents per hour.

The record shows a contested question of fact upon all three of these issues. The jury may have found against the defendant's contention that he agreed to pay $20 for the completed job, and yet have found that the plaintiff did not earn $91.35 working at the rate of 90 cents per hour.

There is competent evidence reasonably tending to support the verdict and under the rule many times announced by this court it will not be disturbed on review.

It is next argued that the court erred in admitting evidence of an offer to compromise over the objection and exception of the defendant. Defendant cites and relies upon Chicago, R. I. & P. R. Co. v. Forsythe & Templar, 56 Okla. 26, 155 P. 851, and Thorp Oil & Specialty Co. v. Home Ref. Co., 79 Okla. 225, 192 P. 573, in which it is stated that evidence of a proposed compromise and settlement of a claim which was not accepted cannot be legally admitted in evidence in a trial in which the claim offered to be compromised is the subject matter of the suit.

The rule to be applied is announced in Cherry Bros. Trading Co. v. Rock Island Implement Co., 89 Okla. 201, 214 P. 559; City of Anadarko v. Argo, 35 Okla. 115, 128 P. 500; Mullen v. Thaxton, 24 Okla. 643, 104 P. 359; Freeman v. Eldridge, 26 Okla. 601, 110 P. 1057. In city of Anadarko v. Argo, supra, it is stated:

"A 'compromise' is an agreement between two or more persons, who, to avoid a lawsuit, amicably settle their differences upon such terms as they can agree upon. . . . Admissions made expressly for the purpose of effecting a compromise of a matter under controversy, if not accepted, cannot be proved against the party making them; but, where it does not appear that such admissions were made in confidence of a compromise, they will be admissible in evidence."

In the case at bar the record discloses that any statements made with relation to the amount due were not made as a compromise, but were made in discussing a disputed account, and there was no error in permitting the introduction of such evidence.

In the third and final proposition, it is argued that the court was without jurisdiction to render a judgment upon the verdict for the reason that the petition of the plaintiff did not allege the payment of the intangible property tax as required by 68 O.S. 1941 §1515. In Gasper v. Mayer, 171 Okla. 457, 43 P. 2d 467, we stated that a liquidated account has been defined to be one, the amount of which is agreed upon by the parties, or fixed by the operation of law.

Therefore, the case at bar comes within the rule announced in Lumbermen's Supply Co. v. Neal, 189 Okla. 544, 119 P. 2d 1017, and Dunlap v. Spencer, 191 Okla. 557, 131 P. 2d 994, and it was not necessary for the plaintiff to allege the payment of the intangible property tax.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.