McCOY v. BURR.

No. 34987.

Supreme Court of Oklahoma.

Nov. 10, 1953.

Rehearing Denied Jan. 19, 1954.

Frank T. McCoy, John T. Craig, John R. Pearson, Pawhuska, for plaintiff in error.

Chas. R. Gray, W. N. Palmer, Pawhuska, for defendant in error.

PER CURIAM.

Jane Burr brought this action in the District Court of Osage County against Frank T. McCoy, Administrator of the estate of William Linch, deceased, upon a rejected claim in the amount of $246.87 against the decedent's estate for services rendered the deceased during his lifetime and for certain sums paid by her for expenses of burial and a grocery bill owed by deceased. Defendant filed answer denying that decedent owed plaintiff any sum whatever and by way of cross petition alleged that plaintiff obtained board, room, support and cash from decedent and still retained certain property belonging to decedent by reason of which she was indebted to decedent's estate in the sum of $500 for which he prayed judgment. At the same time defendant filed a motion asking that plaintiff be required to file an itemized account of all funds, property, or other things of value which she received from the deceased, together with all cancelled checks and receipts. In compliance with the order of the court sustaining this motion plaintiff filed a detailed statement setting forth the sums expended by her after deceased's death for burial and other expenses, and that on or about November 10, 1949, deceased computed that he owed plaintiff the sum of $190 for services for which he gave plaintiff a check which check was never cashed on account of the death of deceased. Thereafter defendant filed a further motion demanding that plaintiff file the uncashed $190 check in court. Plaintiff filed her reply and answer to defendant's cross petition denying that she was indebted to decedent's estate.

In support of the allegations of her petition plaintiff produced two witnesses who testified to the fact that plaintiff took care of deceased during his last illness. Plaintiff testified that she went to decedent's home in September, 1949; that after she went there she took care of him during his illness; that during this time she expended her own funds for groceries, medicine, ice and other items; her attorney then handed her an instrument which had been marked as plaintiff's exhibit 1 and asked whose handwriting was on the instrument. Over the objection of defendant she replied that it was decedent's handwriting; plaintiff then offered the instrument in evidence. At this point defendant asked permission of the court to question plaintiff about the instrument, which was a check in the amount of $190 made payable to plaintiff and signed by the deceased, but which had never been cashed. He questioned plaintiff in great detail about the circumstances under which the check was given, the items and transactions which it covered and the notations on the check, after which he objected to the introduction of same on the ground that plaintiff was an incompetent witness and asked that her testimony be stricken. The court overruled this motion. Plaintiff then introduced receipts showing payment by her of bills for dynamite and other expenses incurred in digging deceased's grave and for a grocery bill owed by deceased which she paid from her own funds after deceased's death.

Defendant's demurrer to the evidence was overruled. At the conclusion of all the evidence defendant renewed his demurrer to the evidence and moved for judgment for defendant. Thereafter the court rendered judgment in favor of plaintiff against defendant in the sum of $221.87, $36.98 of said amount (the burial expenses) being allowed as a preferred claim against the estate. Defendant filed his motion to dismiss notwithstanding the judgment and motion for new trial, both of which were overruled, provoking this appeal.

Defendant contends that plaintiff was an incompetent witness under 12 O.S.1951 § 384, the so-called "dead man" statute, that the court committed reversible error in allowing her to testify concerning transactions with the deceased, and that without the alleged incompetent testimony of plaintiff concerning the items covered by the uncashed $190 check there was insufficient evidence to sustain that part of the judgment. No complaint is made of that part of the judgment reimbursing plaintiff for the amounts expended by her for burial expenses.

■ Admitting for the sake of argument but without deciding the point that plaintiff was an incompetent witness, defendant waived her alleged incompetency when, as above outlined, he questioned plaintiff in detail about the $190 check which she had merely identified as being in deceased's handwriting and offered in evidence. Though purportedly defendant was examining plaintiff on this matter to show her alleged incompetency, the check spoke for itself as a transaction and by questioning plaintiff as to all the circumstances under which the check was given and the items comprising the amount of $190 he waived her alleged incompetency as a witness. Mitchell v. Koch, 193 Okl. 342, 143 P.2d 811.

■ Defendant also urges that plaintiff neither plead nor proved that the account sued upon had been assessed for intangible tax and the tax paid thereon and therefore the court was without jurisdiction to render the judgment. Defendant contested both claims. It was not a liquidated account and was not required to be rendered for taxation under the Intangible Tax Law. 68 O.S.1951 § 1501. Norris v. Norris, 196 Okl. 46, 162 P.2d 521; Seval v. Hunt, 198 Okl. 227, 177 P.2d 673; Cole v. Harvey, 200 Okl. 564, 198 P.2d 199.

Affirmed,

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.

WILLIAMS, J., dissents.

WELCH, J., concurs except as to the intangible tax point on which he dissents.

· This court acknowledges the services of Attorneys W. W. Miller, Sr., H. M. Vance and Jean R. Reed, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.