W. J. MARTEN, Plaintiff in Error,

v.

CREDIT ADJUSTMENT SERVICE, INC., Defendant in Error.

No. 38586.

Supreme Court of Oklahoma.

Jan. 26, 1960.

Rehearing Denied Feb. 16, 1960.

Dickey & Richard by Joe Richard, Tulsa, for plaintiff in error.

W. Timothy Dowd, Tulsa, for defendant in error.

DAVISON, Chief Justice.

Credit Adjustment Service, Inc., a corporation, (plaintiff) instituted this action in the lower court on March 4, 1958, against W. J. Marten (defendant) to collect on a claim for legal services in the sum of $610.

In its petition plaintiff alleged that one Samuel E. Moore, an attorney, had assigned to it a claim on open account in the sum of $610 for legal services performed by Moore for the defendant and had complied with the Intangible Tax Law. Attached to the petition was a copy of the assignment "without recourse" dated February 10, 1958, and an itemization of the services performed and the charges made for such services.

Defendant demurred to the petition and moved the trial court require the plaintiff to make its petition more definite and certain to state who the actual plaintiff in the case was and whether plaintiff was the actual owner of the account or was merely the agent of some third party. The demurrer and motion was overruled by the trial court.

The unverified answer of defendant was a general denial with admission that Moore did perform some services for the defendant, but denied all of the services set forth in the petition were rendered to defendant, and that the charges so made for the work performed were excessive and unreasonable.

A jury was empaneled and trial was had.

Plaintiff's evidence consisted of testimony by Moore of the services performed between October 4, 1956, and March 29, 1957, at the request of defendant, consisting of examination of abstracts and opinions thereon, and preparation of agreements and letters involving oil and gas interests and secretarial services performed by his secretary in typing other papers for defendant and the charges made for the work and services performed and that he had made the assignment and did not own the claim. Other attorneys testified as to the reasonableness of the charges.

Defendant's evidence was that some of the services involved transactions in which another client of Moore's was also involved; the nature and length of some of the instruments prepared by Moore; that defendant received monthly statements and that he had not paid for the services.

Defendant's demurrer to plaintiff's evidence and demurrer and motion for directed verdict were overruled.

The jury returned a verdict for plaintiff for $550 and the court rendered judgment thereon. Defendant appeals.

Defendant urges his motion to make the petition more definite and certain should have been sustained and would have revealed that the assignment to plaintiff was for collection only and that Moore was the real party in interest and should have been made party plaintiff in the ac-

tion. The petition does not reveal such fact. The answer of defendant does not contain any allegation concerning the assignment or real party in interest except as it does by reference incorporate the motion to make definite therein. Examination of the record does not reveal any evidence to substantiate the contention of defendant. In fact the record supports the assignment and that Moore had no further interest.

In Gibbons v. Foster, Okl., 296 P. 2d 133, 136, this court states the method by which defendant should have raised the question of real party in interest as follows:

"Objection that an action is not being prosecuted by the real party in interest should be raised by demurrer, where the pleading discloses such fact, and by answer where it does not, if such condition is known to the party entitled to object, and if not so taken under conditions above set forth, it will be deemed to have been waived."

Defendant's contention in this respect is without merit.

Defendant further urges the plaintiff made no proof and that the record does not reflect any compliance with the provisions of the Intangible Tax Law, 68 O.S. 1951 § 1501 et seq. Defendant relies on McGill v. Cooper Supply Co., 196 Okl. 362, 165 P.2d 829; Mead v. Hellams, 200 Okl. 381, 194 P.2d 603; Pfrimmer v. Tidwell, 205 Okl. 262, 236 P.2d 978, and Harris v. Conway, Okl., 343 P.2d 1069.

None of these cases are applicable to the facts in the instant case. Each of the cited cases involved a liquidated claim. In the Pfrimmer and Harris cases an agreed brokers' commission was sued on. In Cravens v. Hughes, 207 Okl. 503, 250 P.2d 877, 879, we held the decisions in the McGill and Mead cases were not applicable to a factual situation similar to that existing in the instant case.

In the present case plaintiff sought recovery on a claim for legal services rendered to defendant. The charges were made and fixed by the attorney and were not agreed upon by the attorney and defendant. The defendant admitted the attorney performed some services and denied the charges were reasonable and alleged the charges were unreasonable and excessive. Under such pleadings and the evidence the plaintiff's claim was an "unliquidated claim". In Cravens v. Hughes, supra, the plaintiff sued for engineering services rendered defendants and in holding the claim was an "unliquidated claim" under circumstances similar to the instant case, we stated:

"The word 'liquidated' is used in different senses, and as applicable to the facts in this case, means made certain as to what and how much is due, either by agreement of the parties, or by operation of law.

"A cause of action based upon an unliquidated account does not require the pleader to plead or prove the applicable provisions of the Intangible Personal Property Law. 68 O.S.1951, §§ 1507 and 1515."

To the same effect see Cole v. Harvey, 200 Okl. 564, 198 P.2d 199 and McCoy v. Burr, Okl., 265 P.2d 719.

Plaintiff was not required to comply with the Intangible Law.

Defendant also contends the trial court erred in admitting in evidence two "dry-hole contribution" letters, prepared by Moore for defendant prior to the period of time included in the account sued on, and testimony relative to charge and payment of same. From an examination of the record it would appear defendant in effect invited a comparison of previous services and charges by Moore when defendant complained of the letters and charges included in the suit. Assuming such evidence was incompetent, defendant still has not shown in what manner the admission was prejudicial. The defendant has the burden of showing such evidence so admitted over his objection was not only incompetent, but prejudicial, and on his failure to do so, this court will not reverse the judgment on such assignment. Cravens v. Hughes, supra.

■■ Defendant also complains the verdict and judgment is not sustained by sufficient evidence. This was a matter of legal cognizance and was tried to a jury. The jury found for the plaintiff and fixed its recovery in an amount amply supported by competent evidence. A judgment based on the verdict will not be disturbed where there is competent evidence reasonably tending to support the same. Cole v. Harvey, supra. Examination of the record reveals there is competent evidence reasonably tending to support the verdict.

Affirmed.

WILLIAMS, V. C. J., and JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH and BLACKBIRD, JJ., concur in part and dissent in part.

WELCH, Justice (concurring in part and dissenting in part).

I concur except as to that part of the opinion dealing with the intangible tax law and· as to that point I dissent.