**Joe Berry CANNON et al., Appellants,**

**v.**

**Sam CASSIDY, Jr., et al., Appellees.**

**No. 47077.**

Supreme Court of Oklahoma.

Nov. 4, 1975.

Gurley, McClung & Raley by Daniel C. McClung, Blackwell, for appellants.

Loeffler & Allen by David H. Loeffler, Jr., and Sam H. Cassidy, III, Tulsa, for appellee, Sam Cassidy, Sr.

Conner, Winters, Ballaine, Barry & McGowen by James L. Kincaid, Russell H. Harbaugh, Jr., Tulsa, for appellee, The First National Bank & Trust Company of Tulsa.

R. L. Norris, Legal Dept. Exxon Corp., Houston, Tex., C. Harold Thweatt, of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for amicus curiae, Exxon Corp.

SIMMS, Justice:

Can an oil and gas lease be cancelled for lessees' failure to pay accrued royalty when that failure is in violation of the express terms of the lease but such remedy is not expressly provided by the lease?

The trial court answered in the negative, granting judgment to lessees. The Court of Appeals reversed the trial court, cancelling the leases and quieting title thereto against lessees. We Grant Certiorari, Reverse the Court of Appeals, and Reinstate the District Court's judgment in favor of lessees.

The oil and gas leases in question provided for quarterly payments to lessors of one-eighth ($\frac{1}{8}$) royalty on gas sold. The leases do not provide for forfeiture in the event of lessees' failure to pay accrued royalties.

Lessees did not pay lessors royalties for gas produced and marketed for approximately eleven months. Lessors brought this action for cancellation of the oil and gas leases based upon the non-payment and they also sought to quiet their title to the real property. Lessors pled that the failure of lessees to pay accrued royalties breached both the express and implied covenants of the lease.

Trial was to the court on lessors' motion for judgment on stipulated facts. Briefs and exhibits were presented by the parties. The parties stipulated that: " . . . from August, 1971, until July, 1972, gas was produced from the subject tracts and sold to Cities Service Oil Company but lessees failed to account and remit to plaintiffs the proceeds attributable to their royalty interest derived from such sales in the amount of $1,693.62."

The trial court gave judgment for lessees based on the finding that cancellation of an oil and gas lease for lessees' failure to pay royalty as provided in the lease will not lie without an express provision in the

lease which authorizes cancellation thereof for non-payment of royalties.

Lessees submit that the trial court's ruling is correct and in support thereof they cite the case of *Wagoner Oil & Gas Co. v. Marlow,* 137 Okl. 116, 278 P. 294 (1929), wherein the ninth syllabus by the Court states that:

> "Failure to pay royalty or for injury to the land as provided by the lease will not give the lessors sufficient grounds to declare a forfeiture, unless by the express terms of the lease they are given that right and power."

Lessees further contend that cancellation of the lease would be harsh and inappropriate as lessors had a speedy and adequate remedy at law for money damages.

In their attempt to exempt this matter from the scope of the holding in *Wagoner, supra,* lessors present the novel argument that lessees' non-payment of royalties constituted more than a breach of the express terms of the lease. They submit that the non-payment was additionally a breach of the implied covenant to market.

However, lessors are unable to present any persuasive authority to the Court in support of this assertion. Primarily they rely on the suggestion by Earl A. Brown in his two volume work, Law of Oil and Gas Leases, 2nd Ed., at § 6.02 that the implied covenant to market should be seen as a two-pronged obligation including both the sale of the products and payment to lessor of his share of the proceeds.

▪ Cancellation, of course, is recognized as the proper equitable remedy for a breach of implied covenants where justice will be thus served. *Coal, Oil and Gas Co. v. Styron,* Okl., 303 P.2d 965 (1956).

From their premise that failure to pay royalties is a breach of the implied covenant to market, lessors' argument concludes with the claim that our decision in *Townsend v. Creekmore-Rooney Company,* Okl., 332 P.2d 35 (1958) is direct authority supporting cancellation of the leases involved herein. However, the facts in *Townsend, supra,* did not concern the payment of royalties. There we held only that the unexplained *cessation* of marketing of oil or gas from the leases for an extended period of several months was prima facie sufficient to justify cancellation as a breach of the implied covenant to market.

Neither Mr. Brown's opinion or lessors' arguments persuade us to adopt the notion that payment of royalties comes within the ambit of the implied covenant to market.

▪ Consequently, we do not depart from the rule expressed in *Wagoner, supra,* that lessee's failure to pay royalty as provided by the lease will not give lessors sufficient grounds to declare a forfeiture unless by the express terms of that lease they are given that right and power.

We note in passing that the overwhelming majority of jurisdictions which have considered this issue are in accord.

The relevant portion of 58 C.J.S. Mines and Minerals § 205d(3) reads:

> "In the absence of a provision for forfeiture, the lessor, as a general rule, is not entitled to enforce a forfeiture of an oil and gas lease for the nonpayment of rent or royalties."

And, Summers, 3A Summers Oil and Gas, 2nd Ed. § 616, states the following:

> "Oil and gas leases ordinarily do not contain an express provision empowering the lessor or royalty owner to declare a forfeiture thereof for the non-payment of gas well rentals or oil and gas royalties from production. In the absence of such a provision the courts in most jurisdictions refuse to enforce a forfeiture for the non-payment of royalties by decreeing a cancellation of the lease. In Louisiana, however, where oil and gas royalties are treated as rents, codal provisions respecting ordinary leases are applicable to mineral leases, and an article of the code provides that a lessee may be expelled from the leased premises for failure to pay rent when due, an oil and gas lease may be cancelled for non-payment of royalties, even though it does not contain a clause authorizing forfei-

ture in the event of a breach by the lessee of his duty to pay."

■ Through stipulation of the parties lessors' damages were agreed to amount to $1,693.62. As lessees correctly contend, lessors had a plain, speedy and adequate remedy at law available to them which, if pursued, would have fully compensated them for this loss. This Court has repeatedly held that in such circumstances equity will not grant relief to a litigant who fails to pursue his remedy at law. See, *Robertson v. Maney,* 196 Okl. 500, 166 P.2d 106 (1946), and, *Ionic Petroleum Limited v. Third Finance Corp.,* Okl., 411 P.2d 492 (1966).

Therefore, the judgment of the Court of Appeals as modified and corrected by the Order of Amendment is Vacated and the Judgment of the Trial Court Granted in favor of lessees is Affirmed.

HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, SIMMS and DOOLIN, JJ., concur.

WILLIAMS, C. J., and BARNES, J., dissent.