George F. SCHAFFER et ux *v.* TENNECO OIL
COMPANY

82-215                                     647 S.W.2d 446

Supreme Court of Arkansas
Opinion delivered March 7, 1983

*Turner, Mainard & Whitehead,* for appellants.

*Warner & Smith,* by: *G. Alan Wooten* and *Joel D. Johnson,* for appellee.

FRANK HOLT, Justice. The chancellor held that the appellee, Tenneco Oil Company, breached its agreement with the appellants, the Schaffers, to pay royalties pursuant to an oil and gas lease entered into in 1973. He ordered the appellee to pay the royalties, past and future, pursuant to the terms of the lease, plus accrued interest. The appellants contend, however, that the chancellor also should have sustained their plea for cancellation of the lease.

The appellants leased 2½ acres to Brenda Oil Company by an oil and gas lease dated July 3, 1973. Brenda Oil

Company assigned the lease to Tenneco on July 13, 1973. In 1974 Tenneco drilled a well on the leased premises. In 1975 production began from the well. It is undisputed that no royalties have been paid by the appellee to the appellants pursuant to the lease. It also is undisputed that the appellants never contacted the appellee seeking payment of the royalties due them before filing this action on September 24, 1981, nor did they seek cancellation or forfeiture for failure to pay royalties prior to that date. The appellee customarily requires its lessors to sign a "division order" prior to payment of any royalties. A division order, *inter alia,* states the terms according to which payment of royalties is to be made, and in this case those terms varied somewhat from the terms of the lease. It appears that the appellee attempted to send a division order to the appellants as a prelude to payment of royalties in 1977, but the zip code on the address was incorrect and the appellants deny receiving the division order. The appellee made no other effort to contact the appellants concerning payment of royalties; however, it did set aside, in a suspense account, the funds due the appellants. At the hearing in chancery court the appellants admitted they live within sight of the well on their premises and were aware that it was producing gas. They knew, at the time of the hearing, they could sign a division order and receive payment of royalties, but they refused on the basis that the terms of the division order varied from the terms of the lease. An agent of the appellee testified, however, that the appellants could receive their royalties without signing a division order merely by stipulating to the acreage amount covered by the royalty payments. The purpose of the division order is to insure that the proper party receives payment, thereby avoiding possible double payment.

The appellants concede that Louisiana is the only jurisdiction that has consistently been willing to decree cancellation for a lessee's unexcused failure to pay pursuant to an oil and gas lease. The majority view was expressed by the Supreme Court of Oklahoma in *Wagoner Oil & Gas Co. v. Marlow,* 137 Okla. 116, 278 P. 294 (1929): "Failure to pay royalty or for injury to the land as provided by the lease will not give the lessors sufficient grounds to declare a forfeiture, unless by the express terms of the lease they are

given that right and power." To the same effect is *Cannon* v. *Cassidy*, 542 P.2d 514 (Okla. 1975). Summers, THE LAW OF OIL AND GAS, Vol. 3A (1958), § 616, states:

> Oil and gas leases ordinarily do not contain an express provision empowering the lessor or royalty owner to declare a forfeiture thereof for the nonpayment of gas well rentals or oil and gas royalties from production. In the absence of such a provision the courts in most jurisdictions refuse to enforce a forfeiture for the nonpayment of royalties by decreeing a cancellation of the lease.

Where there is no cessation of marketing of oil and gas for a substantial period but only the nonpayment of royalties, the lessors generally have a plain, speedy, and adequate remedy at law for damages. *Cannon* v. *Cassidy, supra*. Here, there was a nonpayment of royalties. The chancellor held there was a breach of contract by appellee and awarded appellant damages, which included payment of all royalties owed pursuant to the terms of the lease plus accrued interest. The lease does not contain an express provision allowing forfeiture for nonpayment of royalties and neither has the appellee refused to pay the royalties, although payment has been delayed, as indicated. On the facts here, we cannot say the chancellor's refusal to decree a cancellation of the lease is clearly erroneous.

The appellants also argue the chancellor erred by allowing the appellee's witnesses to testify concerning customs and usage in the oil and gas industry without a showing that the appellants knew of the custom and usage or that the terms of the lease were vague. The witnesses testified that it is customary in the oil and gas industry to withhold royalty payments until a division order is signed by the lessors. This testimony went to the issue whether withholding payment until a division order is signed constituted a breach of the lease agreement. The testimony was to the effect that the appellee did not breach the lease by requiring division orders to be signed, because the division orders accord with the custom and usage of the industry. This issue was decided in favor of the appellants since the

514

chancellor held the appellee breached the lease by not paying the royalties. Since this testimony was relevant to an issue decided in favor of the appellants, its admission into evidence, even if erroneous, was harmless. We do not reverse for harmless errors. Ark. Stat. Ann. § 28-1001, Rule 103 (a) (Repl. 1979); ARCP, Rule 61; and *Haseman* v. *Union Bank of Mena,* 268 Ark. 318, 597 S.W.2d 67 (1980).

Affirmed.