Jasper E. McLAURIN, Jr., M.D., Lewis E. Turner, Robert W. Vaughan, and Pathway Petroleum, Inc., a Mississippi Corporation, Plaintiffs-Appellants,

v.

SHELL WESTERN E. & P., INC., a Delaware Corporation, and Amoco Production Company, a Delaware Corporation, et al., Defendants-Appellees.

No. 85–4240.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1985.

Rehearing Denied Jan. 27, 1986.

Craig Castle, Jackson, Miss., J. Hal Ross, Brandon, Miss., for plaintiffs-appellants.

David B. Gross, William R. Presson, Jackson, Miss., for Shell.

Hugh Craig Forshner, New Orleans, La., for Amoco.

Before GOLDBERG, RANDALL, and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiffs appeal from the district court's grant of summary judgment dismissing plaintiff's action for cancellation of an oil and gas lease. This Court affirms the judgment of the district court.

I. BACKGROUND

The realty involved in the instant case was originally owned by G.S. McLaurin. G.S. McLaurin died, leaving his interest in the realty to his heirs—his two surviving children, Floree Jordan and Melvin McLaurin, and his two grandchildren, Gloria McLaurin and the plaintiff-appellant Dr. Jasper McLaurin, Jr. ("Dr. McLaurin").

In 1969, Dr. McLaurin, Floree Jordan, Melvin McLaurin and Gloria McLaurin executed an oil, gas, and mineral lease to Pan American Petroleum Corporation ("Pan

American") covering the inherited property. Through a series of assignments Shell Western E. & P. Inc. ("Shell Western") ultimately acquired Pan American's leasehold interest. Amoco Production Company ("Amoco"), successor in interest to Pan American, retained an overriding royalty.

After the lease was executed, a dispute occurred regarding Dr. McLaurin's status as an heir of G.S. McLaurin. Floree Jordan, Melvin McLaurin and Gloria McLaurin claimed that Dr. McLaurin's parents were never married thus depriving Dr. McLaurin of status as G.S. McLaurin's heir under Mississippi law. Following a 1979 suit to clear title to the leased property, the Chancery Court of Rankin County, Mississippi, entered a decree adjudicating that Floree Jordan, Melvin McLaurin and Gloria McLaurin were the sole heirs of G.S. McLaurin.[1]

Shell Western, which had begun production on the leased property in 1977, had withheld royalties due under the lease pending resolution of the suit to clear title. After the chancery court entered its decree, Shell Western paid royalties only to those persons named as owners of the leased property under the decree. Consequently, Dr. McLaurin received no royalty payments.

In 1982, Lewis E. Turner approached Dr. McLaurin with information that a marriage license belonging to Dr. McLaurin's parents had been located. The existence of a valid marriage license would enable Dr. McLaurin to prove that he was entitled to inherit a share of the leased property as an heir of G.S. McLaurin under Mississippi law. After learning of the marriage license, Dr. McLaurin executed an oil, gas and mineral lease to Turner, covering whatever interest in the leased property that Dr. McLaurin held.[2] Dr. McLaurin also

brought suit in the Chancery Court of Rankin County for adjudication of heirship pursuant to Miss.Code Ann. § 91-1-27 (1972). Shell Western, although not made a party, was notified of the suit by Dr. McLaurin's attorney.[3] On April 6, 1983, the chancery court entered a decree adjudicating Dr. McLaurin to be an heir of G.S. McLaurin.

Subsequent to the decree adjudicating heirship, Turner, Pathway Petroleum, and Vaughn, later joined by Dr. McLaurin in an amended complaint, initiated the instant suit on September 7, 1983, in the Chancery Court of Rankin County, Mississippi, seeking cancellation of the 1969 lease based on Shell Western's failure to recognize Dr. McLaurin as a lessor entitled to the payment of royalty. Shell Western and Amoco were named as defendants in the suit. On October 28, 1983, Shell Western and Amoco filed a petition for removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 to the United States District Court for the Southern District of Mississippi. After the action had been removed, Shell Western and Amoco obtained a summary judgment based on the district court's conclusion that cancellation is not an appropriate remedy for Shell Western's failure to pay royalty to Dr. McLaurin. The sole issue presented on appeal is whether the district court properly determined that as a matter of law, cancellation is not an appropriate remedy for nonpayment of royalty.

## II. DISCUSSION

 Although Mississippi law governs the mineral lease at issue in the instant case, the courts of Mississippi have not considered whether cancellation is available as a remedy for breach of an express covenant to pay royalty. Courts in other juris-

---

1. The suit to clear title was brought in response to assertions of an interest in the leased property by parties not involved in the instant case. Dr. McLaurin was not a party to the suit to clear title. However, sworn pleadings in the suit to clear title, executed in part by Shell Western, alleged that Dr. McLaurin's father had "died leaving no heirs."

2. This lease is currently held by Turner, Robert W. Vaughn, and Pathway Petroleum, Inc.—all of whom are plaintiffs in the instant case in addition to Dr. McLaurin.

3. Shell Western asked Dr. McLaurin's attorney to obtain a continuance of the trial so Shell could conduct an investigation of the matter. Nothing ever came of this request.

dictions, however, have almost universally[4] held that in the absence of an express lease provision to the contrary, cancellation is not available when the sole injury suffered is nonpayment of royalty. *See, e.g., Cannon v. Cassidy*, 542 P.2d 514, 516–17 (Okla. 1975); *Morriss v. First National Bank of Mission*, 249 S.W.2d 269, 279 (Tex.Civ.App. —San Antonio 1952, writ ref'd n.r.e.); *see also* Hemingway, *The Law of Oil and Gas* 340 (2d ed. 1983) ("Nonpayment of royalty in all jurisdictions except Louisiana will merely give rise to a suit for accounting by the lessee."). The law disfavors forfeitures, *Southwest Gas Producing Company v. Seale*, 191 So.2d 115, 122 (Miss.1966) ("Equity abhors a forfeiture and is disposed to seize on slight circumstances to avoid one."), and the cancellation of an oil, gas, and mineral lease is nothing less than a forfeiture of a recognized and protected property interest. *See Superior Oil Co. v. Devon Corp.*, 604 F.2d 1063, 1069 (8th Cir. 1979) (applying Nebraska law); *Batex Oil Company v. LaBrisa Land and Cattle Co.*, 352 S.W.2d 769, 773 (Tex.Civ.App.— San Antonio 1961, writ dism'd w.o.j.). As a disfavored remedy, cancellation is available only when monetary damages are wholly inadequate to compensate an injured plaintiff. *See Southwest Gas Producing Company v. Seale*, 191 So.2d at 122. Because monetary recovery can fully compensate a plaintiff whose sole injury is the loss of royalty due under a lease, *see Cannon v. Cassidy*, 542 P.2d at 517 (monetary damages would fully compensate plaintiff for defendant's failure to pay royalty), this Court is of the opinion that, if presented with the issue, the Mississippi Supreme Court would hold that cancellation is not available as a remedy for breach of an express covenant to pay royalty.

Dr. McLaurin's attempt to cancel the Shell Western lease is not bolstered by characterizing his action as one seeking cancellation for breach of an implied covenant of good faith and fair dealing.[5] Cancellation may be an appropriate remedy in some instances involving the breach of an implied covenant. *See Southwest Gas Producing Company v. Seale*, 191 So.2d at 121 (recognizing that cancellation may in some circumstances be an appropriate remedy for breach of an implied covenant of reasonable development). However, even in cases involving the breach of an implied covenant, the Mississippi Supreme Court has recognized that cancellation is appropriate only when monetary relief is wholly inadequate. *See id.* at 122; *see also Meaher v. Getty Oil Co.*, 450 So.2d 443, 447 (Ala.1984); *Christie, Mitchell & Mitchell Company v. Howell*, 359 S.W.2d 658, 660 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.). In the instant case, the only loss identified by Dr. McLaurin is the loss of royalty payments due under the 1969 lease. An accounting of the royalty due Dr. McLaurin and payment to him of that amount as damages would adequately remedy the breach and avoid the unduly harsh consequences of forfeiture.

This Court concludes that the district court properly determined that cancellation is not available in the instant case as a matter of law. Accordingly, the order of the district court granting summary judgment is

AFFIRMED.

---

**4.** In Louisiana, under certain circumstances cancellation may be available as a remedy for nonpayment of royalty. *See* La.Rev.Stat.Ann. §§ 31:137–143 (West 1975).

**5.** Dr. McLaurin's attempt to characterize this action as one for breach of an implied covenant of good faith and fair dealing is itself suspect. While Mississippi law apparently recognizes such an implied covenant, the only case cited discussing such a covenant involved the lessee's *operation* of a mineral leasehold. *See Southwest Gas Producing Company v. Seale*, 191 So.2d 115 (Miss.1966). The instant case, in contrast, involves the lessee's refusal to recognize Dr. McLaurin as a lessor entitled to the payment of royalty.